# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 14, 2022

Lyle W. Cayce
Clerk

No. 21-10253

United States of America,

*Plaintiff—Appellee*,

*versus*

Anthony Thomas Callahan,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-277-1

Before Barksdale, Stewart, and Dennis, *Circuit Judges*.
Per Curiam:*

Anthony Thomas Callahan appeals his statutory-maximum sentence of 120 months of imprisonment, imposed upon his guilty-plea conviction of being a felon in possession of a firearm. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). Callahan challenges both the procedural and substantive reasonableness of his sentence.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10253

For the first time on appeal, Callahan challenges the district court's calculation of his offense level, arguing that his total offense level should have been 11 after the district court sustained an objection at sentencing. As the Government correctly notes, once the district court sustained Callahan's objection to an enhancement and, based on the order in which adjustments apply under the Sentencing Guidelines, his offense level was below the threshold for a third-level reduction under U.S.S.G. § 3E1.1(b). *See* U.S.S.G. § 1B1.1(a)(1)–(3); § 3E1.1(a)–(b). Callahan thus has shown no error, much less a clear or obvious one, in the calculation of his advisory guidelines range. *See United States v. Coto-Mendoza*, 986 F.3d 583, 585 (5th Cir. 2021), *cert. denied*, 2021 WL 4508433 (U.S. Oct. 4, 2021) (No. 20-8439).

Similarly, Callahan is mistaken in his challenge to the district court's determination that three of his five prior convictions, uncounted for purposes of his criminal history but considered for purposes of sentencing, were felonies. Because the three uncounted offenses were Texas state jail felonies, punishable by a term in prison of up to two years, they qualified as felonies under the Sentencing Guidelines. *See* U.S.S.G. § 4A1.2(o); Tex. Penal Code Ann. § 12.35. The district court did not clearly or obviously err in treating the prior convictions as felonies. *See Coto-Mendoza*, 986 F.3d at 585.

In the one procedural challenge which Callahan arguably preserved, he argues that the district court erred in considering "disputed" conduct underlying pending state charges. Callahan did not provide competent rebuttal evidence to the presentence report. *See United States v. Solis*, 299 F.3d 420, 455 (5th Cir. 2002). The district court, therefore, did not clearly err in relying on the presentence report's detailed factual recitation of the conduct, which was derived from state and federal investigative materials and confirmed with an interview with federal law enforcement. *See United States v. Kearby*, 943 F.3d 969, 974 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2584 (2020); *United States v. Windless*, 719 F.3d 415, 420 (5th Cir. 2013).

No. 21-10253

In another unpreserved challenge reviewed only for plain error, *see Coto-Mendoza*, 986 F.3d at 585, Callahan argues that the district court failed to provide an adequate explanation for his sentence, particularly the upward variance. In light of the district court's fact-specific explanation, aligned to the 18 U.S.C. § 3553(a) factors, Callahan fails to show error, plain or otherwise, in the sufficiency of the district court's explanation for the sentence. *See Gall v. United States*, 552 U.S. 38, 50–51 (2007); *Coto-Mendoza*, 986 F.3d at 585; *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006).

Much of Callahan's argument goes to the substantive reasonableness of his sentence. Callahan preserved this challenge, and we review for abuse of discretion, considering whether, under the totality of the circumstances and as a matter of substance, the § 3553(a) sentencing factors support the sentence. *See United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012). We are not persuaded by Callahan's conclusory arguments based on general punishment statistics and unsubstantiated sentencing disparities, the weight given to his pending criminal charges and criminal history, and the extent of the variance. *See United States v. Waguespack*, 935 F.3d 322, 337 (5th Cir. 2019); *Gerezano-Rosales*, 692 F.3d at 400–01; *United States v. Brantley*, 537 F.3d 347, 348–50 (5th Cir. 2008).

The totality of the circumstances, including the significant deference we accord the district court's reasoning and consideration of the § 3553(a) factors, supports the sentence imposed. *See Gall*, 552 U.S. at 51. Callahan's disagreement with the propriety of his sentence and the district court's balancing of the § 3553(a) factors is insufficient to establish that the district court abused its discretion. *See United States v. Douglas*, 957 F.3d 602, 609–10 (5th Cir. 2020). The judgment of the district court is AFFIRMED.