# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2022

Lyle W. Cayce
Clerk

No. 20-20367
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOHNATHAN CARTER; MELVIN RAY,

*Defendants—Appellants*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-380

---

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Johnathan Carter and Melvin Ray appeal the 324-month, above-guidelines sentences imposed following their guilty plea convictions for aiding and abetting bank robbery and for aiding and abetting the brandishing

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-20367

of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii), and 2113(a), (d).[1]

We review criminal sentences, including those based on variances, for reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). First, we determine whether the district court committed any "significant procedural error." *Id.* If the district court's decision is procedurally sound, we review "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* We review the district court's interpretation and application of the Sentencing Guidelines de novo and its findings of fact for clear error. *United States v. Fernandez*, 770 F.3d 340, 342 (5th Cir. 2014).

Claims not raised in the district court are reviewed for plain error only. *Puckett v. United States*, 556 U.S. 129, 135 (2009). To prevail on plain error review, an appellant must show a clear or obvious error that affected his substantial rights. *Id.* If those factors are established, we will exercise our discretion to correct the forfeited error only if "the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

Both appellants raise preserved challenges to the district court's application of a U.S.S.G. § 2B3.1(b)(4)(A) enhancement for abduction to facilitate commission of the bank robberies, arguing that the enhancement does not apply when, as here, forced movement has been only within or between rooms of a structure. They acknowledge, however, that they have raised the issue only to preserve it for further review, conceding correctly that this argument is foreclosed by this court's precedent to which this panel is

---

[1] There are a total of five counts arising from four separate robberies or attempted robberies. Count 2 applied only to Carter; the district court did not consider that robbery as to Ray.

bound. *See United States v. Johnson*, 619 F.3d 469, 472 (5th Cir. 2010); *Jacobs v. Nat'l Drug Intel. Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008).

Carter's argument that his sentence is procedurally unreasonable because the district court failed to give adequate reasons for the upward variance, which he raises for the first time on appeal, does not establish reversible plain error. *See United States v. Coto-Mendoza*, 986 F.3d 583, 585-86 (5th Cir.), *cert. denied*, 142 S. Ct. 207 (2021). The record reflects that the district court provided a sufficient explanation for rejecting Carter's arguments for a shorter sentence and that the court had a reasoned basis for its sentencing decision. *See Rita v. United States*, 551 U.S. 338, 356-57 (2007). In any event, Carter has not argued, much less shown, that the alleged error affected his substantial rights or affected the fairness, integrity, or public reputation of judicial proceedings. *See Puckett*, 556 U.S. at 135.[2]

Nor has Carter shown that his above-guidelines sentence is substantively unreasonable[3] because it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). His argument that the district court's failure to consider his mental health and childhood trauma constitutes a clear error of judgment in balancing the sentencing factors is belied by the record and without merit. *See United States v. Gerezano-Rosales*, 692 F.3d 393, 400-01 (5th Cir. 2012). Under the totality of the circumstances, including the significant deference that is given to the district court's consideration of the § 3553(a) factors and the district court's reasons for its sentencing decision, Carter has not shown an abuse of discretion. *See Gall*, 552 U.S. at 51.

---

[2] Even if the alleged error were preserved, we would still affirm given the fact that the district court gave an adequate reason and the record supports that determination.

[3] This argument was preserved.

No. 20-20367

Finally, Ray makes a preserved argument that the district court committed reversible procedural error by enhancing his offense level under U.S.S.G. § 3C1.1 for obstruction of justice. We conclude that he fails to establish reversible error on this point. Ray has not shown that the presentence report, which set forth that Ray sent threatening messages to a witness after she shared her knowledge of one of the robberies, lacked sufficient indicia of reliability. *See United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012); *United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007); § 3C1.1, comment. (n.4(A)); U.S.S.G. § 6A1.3, p.s. Further, in light of the record read as a whole, the district court could plausibly infer that Ray was the individual who sent the threatening messages. *See Fernandez*, 770 F.3d at 342-43.

AFFIRMED.