# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 25, 2021

Lyle W. Cayce
Clerk

No. 20-10451

United States of America,

*Plaintiff—Appellee*,

*versus*

Francisco Coto-Mendoza,

*Defendant—Appellant*.

Appeal from the United States District Court
for Northern District of Texas
USDC No. 4:19-CR-366

Before Haynes, Duncan, and Engelhardt, *Circuit Judges*.
Haynes, *Circuit Judge*:

Francisco Coto-Mendoza pleaded guilty to illegal reentry after deportation and was sentenced to 37 months in prison. On appeal, he argues that his sentence is procedurally unreasonable because the district court did not adequately explain the reasons for its sentence. We AFFIRM.

## I.   Background

Coto-Mendoza is a citizen of El Salvador. He entered the United States without authorization and has been deported back to El Salvador four times. During his time in the United States, he has been convicted of theft,

assault, as well as numerous alcohol related crimes.  In his most recent run-in with the law, Coto-Mendoza pleaded guilty to re-entering the country illegally.

Coto-Mendoza's Presentence Investigation Report ("PSR") recommended a sentencing range of 37 to 46 months, which accounted for his extensive criminal history.[1]  At the sentencing hearing, the district court adopted the PSR's factual findings, as well as the probation officer's conclusions regarding the appropriate Sentencing Guidelines calculations. The district court also indicated that it had read the sentencing memorandum submitted by Coto-Mendoza's counsel.

Coto-Mendoza's counsel proceeded to ask for a below-Guidelines sentence given Coto-Mendoza's age, difficult childhood, gainful employment, family considerations, and his "mostly nonviolent criminal history."  Counsel also acknowledged Coto-Mendoza's problems with alcohol but maintained that he planned on going back to El Salvador.

After allowing Coto-Mendoza to speak on his own behalf, the district court pronounced that, "pursuant to Title 18 U.S.C. § 3553," Coto-Mendoza was sentenced to 37 months imprisonment, as well as a term of supervised release with accompanying conditions.  The district court then asked Coto-Mendoza's counsel if he had "any objection to any of these conditions."  Coto-Mendoza's counsel responded: "No, your Honor."

Along with the verbal pronouncement, the district court provided a written Statement of Reasons for Coto-Mendoza's sentence.  In that document, the district court noted that Coto-Mendoza's sentence was "within the guideline range," and "[i]n determining the sentence, the

---

[1] Neither party objected to the sentencing range.

No. 20-10451

[district court] considered the advisory guidelines, as well as statutory concerns listed in 18 U.S.C. § 3553(a)." The district court opined that the sentence was "sufficient, but not greater than necessary, to achieve the Court's sentencing objectives of punishment, deterrence, and protection of the public." Further, the district court maintained that even if the Sentencing Guidelines calculations were incorrect, it would still impose the same sentence under 18 U.S.C. § 3553.

After the district court filed its written judgment, Coto-Mendoza timely appealed his sentence.

## II.     Standard of Review

We undertake a two-step process in reviewing a criminal sentence, in accordance with the Supreme Court's decision in *Gall v. United States*, 552 U.S. 38, 51 (2007). *See United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009). At step one, we consider whether the district court committed a "significant procedural error," such as "failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. If a significant procedural error was committed, we must remand for resentencing "unless the proponent of the sentence establishes that the error 'did not affect the district court's selection of the sentence imposed.'" *Delgado-Martinez*, 564 F.3d at 753 (quoting *Williams v. United States*, 503 U.S. 193, 203 (1992)). If there was no significant procedural error, we continue to the second step in the *Gall* analysis and "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall*, 552 U.S. at 51. Here, Coto-Mendoza raises only a procedural challenge.

## III.     Discussion

Coto-Mendoza only raises one issue on appeal: whether the district court adequately responded to his arguments for a below-Guidelines

sentence when it merely stated that the sentence was imposed pursuant to 18 U.S.C. § 3553.  Coto-Mendoza argues that "sentencing courts have been required to explain their reasons for rejecting non-frivolous arguments for an out-of-range sentence[]," and our past decisions have "never authorized a sentencing court to say as little as it did here."

Coto-Mendoza focuses his challenge on the standard of review. Generally, if the defendant failed to object to a procedural error, we review only for plain error.  *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016).  To succeed on plain error review, the defendant must demonstrate: (1) "an error that has not been intentionally relinquished or abandoned"; (2) that is "plain—that is to say, clear or obvious"; and (3) "affected the defendant's substantial rights." *Id.* Assuming all three of these conditions are met, we will only exercise our discretion to correct the forfeited error if the it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (quotation omitted).

By contrast, while conceding that he did not object to the district court's alleged lack of explanation, Coto-Mendoza argues that *Holguin-Hernandez v. United States*, 140 S. Ct. 762 (2020), should alter the standard of review for his unpreserved challenge—namely, that the Supreme Court's holding that no separate objection is necessary to preserve a claim of *substantive* reasonableness should also extend to Coto-Mendoza's claim of *procedural* reasonableness.  Coto-Mendoza acknowledges the *Holguin-Hernandez* Court never addressed the issue of improper procedure, yet he invites us to reconsider our circuit precedent in light of that decision.  We decline that invitation.

We begin by emphasizing the limited holding of *Holguin-Hernandez*: the Supreme Court explicitly stated that it was *not* deciding the issue of "what is sufficient to preserve a claim that a trial court used improper

No. 20-10451

*procedures* in arriving at its chosen sentence." *Holguin-Hernandez*, 140 S. Ct. at 767.[2] We note that the Supreme Court has cautioned against overruling its earlier precedents by implication. *See Agostini v. Felton*, 521 U.S. 203, 237 (1997) ("We do not acknowledge, and we do not hold, that other courts should conclude our more recent cases have, by implication, overruled an earlier precedent." (quotation omitted)). Accordingly, we remain bound by the plain error standard for forfeited errors set forth in *Molina-Martinez*, 136 S. Ct. at 1343, and *United States v. Olano*, 507 U.S. 725, 731–32 (1993). *See Agostini*, 521 U.S. at 237 ("We reaffirm that '[i]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.'" (quotation omitted)). Because we hold that *Holguin-Hernandez* does not apply to the facts of this case, we review for plain error.[3]

On the merits, Coto-Mendoza takes issue with the district court's brief explanation, arguing that a "bare statutory citation would only barely explain the sentencing rationale." Even so, a "brief" explanation does not necessarily amount to an inadequate one. The Supreme Court has acknowledged that "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356 (2007). If the defendant "presents

---

[2] This sentiment was reemphasized in Justice Alito's concurrence. *Holguin-Hernandez*, 140 S. Ct. at 767 (Alito, J., concurring) (noting that the Court was not deciding "what is sufficient to preserve a claim that a trial court used improper *procedures* in arriving at its chosen sentence").

[3] Even if we were to use a less demanding standard of review, we would reach the same conclusion. The record shows that the district judge considered Coto-Mendoza's, mitigation arguments, examined the § 3553(a) factors, and provided a reasoned basis for its decision. *See United States v. Becerril-Pena*, 714 F.3d 347, 351 (5th Cir. 2013).

No. 20-10451

nonfrivolous reasons for imposing a different sentence," circumstances may sometimes "call for a brief explanation." *Id.* at 357.

Assuming arguendo that Coto-Mendoza's arguments were nonfrivolous, we conclude that the district court provided him an adequate explanation.[4] The district court gave Coto-Mendoza a sentence at the bottom of the Guidelines range after adopting the PSR's factual findings and the probation officer's conclusions regarding the non-contested Sentencing Guidelines calculations. The district court also read the sentencing memorandum submitted by Coto-Mendoza's counsel—which included information about Coto-Mendoza's childhood, employment, family, criminal history, and multiple deportations—and heard both Coto-Mendoza's counsel's argument and Coto-Mendoza's personal request for a more lenient sentence. Finally, in its written Statement of Reasons, the district court explained how it "considered the advisory guidelines, as well as statutory concerns listed in 18 U.S.C. § 3553(a)," and concluded that Coto-Mendoza's sentence was "sufficient, but not greater than necessary, to achieve the Court's sentencing objectives of punishment, deterrence, and protection of the public."[5] Indicating that it gave some thought to the matter, the district court also noted that it would impose the same sentence under 18 U.S.C. § 3553, even if the Guidelines calculations were incorrect.

Examining the facts before us, we cannot conclude that the district court's (admittedly brief) explanation of Coto-Mendoza's sentence

---

[4] In making this determination, we are not limited to the district court's affirmative statements about sentencing. *See Rita v. United States*, 551 U.S. 338, 359 (2007) (noting that the "context and record" made it clear the sentencing judge considered the evidence and arguments).

[5] We note that "punishment, deterrence, and protection of the public" are all specific factors to be considered in imposing a sentence. *See* 18 U.S.C. § 3553(a)(2)(A)–(C).

No. 20-10451

amounted to plain error. *See United States v. Becerril-Pena*, 714 F.3d 347, 349-51 (5th Cir. 2013). Upon review of the entire record, we conclude that Coto-Mendoza has "not shown that the district court committed significant procedural error in declining to explicitly address his arguments for a shorter sentence." *Id.* at 351.[6]

For the forgoing reasons, we AFFIRM.

---

[6] Coto-Mendoza seeks to distinguish *Becerril-Pena* by pointing to the fact the district court in that case adopted a PSR that "expressly anticipated and addressed arguments for an out-of-range sentence." Upon review of the record, we conclude that many of the arguments Coto-Mendoza's counsel raised in support of a below-Guidelines sentence were addressed in the adopted PSR, as well as in the sentencing memorandum, both of which the district court explicitly reviewed prior to sentencing.