# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2021

Lyle W. Cayce
Clerk

No. 20-50617
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ARTURO GALLEGOS-ORTIZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:06-CR-43-1

Before HAYNES, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:*

Arturo Gallegos-Ortiz appeals the district court's 60-month, above-Guidelines sentence imposed on revocation of his supervised release. He argues that the revocation sentence was plainly unreasonable, both procedurally and substantively, because the district court impermissibly

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

based its sentence on bare allegations of new law violations. According to Gallegos-Ortiz, this consideration was a dominant factor in the district court's revocation sentence, the district court gave more weight to the bare allegations than to the Guidelines policy statements, and the upward variance was extreme because it was over five times higher than the top of the Guidelines range.

"We undertake a two-step process in reviewing a criminal sentence." *United States v. Coto-Mendoza*, 986 F.3d 583, 585 (5th Cir. 2021). First, "we consider whether the district court committed a significant procedural error." *Id.* (internal quotation marks omitted). Second, if we find no procedural error, we "consider the substantive reasonableness of the sentence imposed." *Id.*

Turning first to the alleged procedural error, Gallegos-Ortiz argues that the district court impermissibly considered bare allegations of new law violations. Gallegos-Ortiz did not raise this error below. Thus, our review is for plain error. *Id.* at 586.

To establish plain error, Gallegos-Ortiz must show an error that is "clear or obvious, rather than subject to reasonable dispute," and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes this showing, we have discretion to correct the error but only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted).

A district court commits a sentencing error "when an impermissible consideration is a dominant factor in the court's revocation sentence, but not when it is merely a secondary concern or an additional justification for the sentence." *United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015). And one impermissible consideration is "a bare allegation of a new law violation contained in a revocation petition unless the allegation is supported by

evidence adduced at the revocation hearing or contains other indicia of reliability, such as the factual underpinnings of the conduct giving rise to the arrest." *United States v. Foley*, 946 F.3d 681, 687 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 379 (2020).

Gallegos-Ortiz contends that the district court erred because the revocation petition contained bare allegations of a February 2018 arrest for DWI and terroristic threats and a 2019 felony arrest warrant for capital murder. But at the beginning of the revocation hearing, the Government told the district court that it was abandoning allegations related to any new law violations. And the hearing transcript confirms that the district court relied on the Government's factual basis and Gallegos-Ortiz's pleas of true to the remaining five violations to revoke the supervised release term and impose the sentence. Even if the district court did consider the bare allegations, they were at most a secondary concern or additional justification, not a dominant factor, in the court's sentence. *See Foley*, 946 F.3d at 687–88. Therefore, Gallegos-Ortiz has not shown error, plain or otherwise. *See Puckett*, 556 U.S. at 135.

Unlike his procedural challenge, Gallegos-Ortiz did preserve his argument as to the substantive reasonableness of his revocation sentence. We therefore review his challenge under a "plainly unreasonable" standard. *United States v. Sanchez*, 900 F.3d 678, 682 (5th Cir. 2018). "A sentence is substantively unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) (internal quotation marks). If the sentence is unreasonable, we may set it aside only if "the error was obvious under existing law." *Id.* at 326.

No. 20-50617

Gallegos-Ortiz's substantive arguments are the same as his procedural ones. Thus, his arguments fail for the reasons set forth above. *See Foley*, 946 F.3d at 687–88. In fashioning the sentence, the district court stated that it had reviewed the policy statements set forth in Chapter 7 of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) factors. After weighing the sentencing factors, the district court ultimately determined that a statutory maximum sentence was warranted based on Gallegos-Ortiz's repeated noncompliance with the terms of supervision, including his drug use and unreported move to Mexico. The district court also noted Gallegos-Ortiz's violations of other law, breach of the court's trust, tendency toward recidivism, and likelihood to reoffend, as well as the need to deter future criminal conduct. Gallegos-Ortiz argues that the district court's reference to "violations of other law" referred to the bare allegations. Even if this were true, that was only one factor among many the district court relied on. In other words, the violations of other law was not a dominant factor in the district court's sentencing decision.

Finally, we have previously upheld revocation sentences exceeding the recommended Guidelines range, even where, as here, the sentence imposed is the statutory maximum. *See, e.g.*, *United States v. Kippers*, 685 F.3d 491, 500–01 (5th Cir. 2012); *United States v. Whitelaw*, 580 F.3d 256, 265 (5th Cir. 2009). The fact that we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Warren*, 720 F.3d at 332 (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).

We AFFIRM the district court's judgment.