# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 14, 2021

Lyle W. Cayce
Clerk

No. 20-30459
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Steven Dewayne Gilbert,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:19-CR-3-1

Before Jolly, Graves, and Costa, *Circuit Judges*.

Per Curiam:[*]

Steven Dewayne Gilbert pleaded guilty to conspiracy to possess with intent to distribute cocaine and was sentenced at the bottom of the guidelines range to 188 months of imprisonment. On appeal, Gilbert argues that his sentence is procedurally unreasonable because the district court did not

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

adequately explain the reasons for its sentence. Gilbert's request for a downward variance was not sufficient to preserve this issue for appeal; consequently, our review is for plain error. *See United States v. Coto-Mendoza*, 986 F.3d 583, 586 (5th Cir. 2021).

To establish plain error, Gilbert must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

The district court stated that it had received Gilbert's sentencing memorandum and character letters in advance of the sentencing hearing, and it listened to Gilbert's arguments for a downward variance. The district court also stated that it had selected the sentence after considering the 18 U.S.C. § 3553(a) sentencing factors, including Gilbert's history, personal characteristics, and involvement in the offense. This is "enough to satisfy" us that the district court "considered the parties' arguments" and had "a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). Thus, Gilbert has not shown a clear or obvious error. *See Puckett*, 556 U.S. at 135; *Coto-Mendoza*, 986 F.3d at 586-87.

Gilbert also argues for the first time in a Federal Rule of Appellate Procedure 28(j) letter that in light of the Third Circuit's decision in *United States v. Nasir*, 982 F.3d 144 (3d Cir. 2020) (en banc), his conviction for conspiracy to possess with intent to distribute cocaine no longer qualifies as a controlled substance offense for purposes of the career offender enhancement under U.S.S.G. § 4B1.1. Because Gilbert did not challenge the career offender enhancement in his opening brief, we will not consider the

issue.  *See United States v. Sanchez-Villalobos*, 412 F.3d 572, 577 (5th Cir. 2005), *abrogated on other grounds by Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010).

Accordingly, the judgment of the district court is AFFIRMED.