# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 17, 2021

Lyle W. Cayce
Clerk

No. 21-10061
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JENNIFER LEIGH BRYSON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:19-CR-139-1

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10061

Jennifer Leigh Bryson pleaded guilty to interstate transfer of stolen property. She now challenges the procedural and substantive reasonableness of her above-guidelines sentence of 42 months in prison.

Pursuant to *Gall v. United States*, 552 U.S. 38, 51 (2007), we engage in a bifurcated review of the sentence imposed by the district court. *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009). We first consider whether the district court committed a "significant procedural error," such as "improperly calculating . . . the Guidelines range," or "failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. If there is no error or the error is harmless, we review the substantive reasonableness of the sentence imposed for an abuse of discretion. *Id.*; *see also Delgado-Martinez*, 564 F.3d at 751-53.

Bryson first argues the district court procedurally erred in applying an enhancement under U.S.S.G. § 3B1.3 for abuse of a position of private trust. "The district court's application of section 3B1.3 is a sophisticated factual determination that we review for clear error." *United States v. Miller*, 607 F.3d 144, 147–48 (5th Cir. 2010). Under § 3B1.3, a two-level enhancement applies if the defendant abused a position of trust "in a manner that significantly facilitated the commission or concealment of the offense." We first must "determine whether the defendant occupied a position of trust at all." *United States v. Miller*, 906 F.3d 373, 377 (5th Cir. 2018) (internal quotation marks and citation omitted). "A position of trust is characterized by (1) professional or managerial discretion (i.e., substantial discretionary judgment that is ordinarily given considerable deference), and (2) minimal supervision." *Id.* (internal quotation marks and citation omitted). If we determine that the defendant did occupy a position of trust, we "ascertain the extent to which the defendant used that position to facilitate or conceal the offense." *Id.* at 378 (internal quotation marks and citation omitted).

No. 21-10061

Here, the district court's findings that Bryson had both "substantial discretionary judgment . . . and . . . minimal supervision," and that her position facilitated the commission and concealment of her offense are plausible in light of the record as a whole. *See id.* at 377-38 (internal quotation marks and citation omitted). Bryson was employed as the only general manager at a small veterinary clinic. In this capacity she received minimal supervision, had full access to the clinic's bank account, and conducted about 200 fraudulent transactions and stole almost $600,000 from the clinic's account without detection over the course of nearly four years. To conceal her offense, she represented to the clinic's owner that she had paid various vendors when she had not. Accordingly, the district court did not err in applying § 3B1.3. *See id.* at 376-79.

Bryson next argues the district court procedurally erred by failing to adequately explain the sentence. As she did not object in the district court, review is for plain error. *United States v. Coto-Mendoza*, 986 F.3d 583, 586 (5th Cir. 2021), *cert. denied,* 2021 WL 4508433 (U.S. Oct. 4, 2021) (No. 20-8439). Bryson must demonstrate a forfeited error that is clear or obvious and that affects her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If she makes such a showing, we have the discretion to correct the error but only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, citation, and brackets omitted). Given the district court's extensive and careful explanation for imposing an upward variance based on the 18 U.S.C. § 3553(a) factors, she has not demonstrated a clear or obvious error. *See id.*

Finally, Bryson argues her sentence is substantively unreasonable. Our review is "highly deferential." *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015) (internal quotation marks and citation omitted). A non-guidelines sentence such as Bryson's unreasonably fails to reflect the § 3553(a) factors if it "(1) does not account for a factor that should have

received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id.*

Bryson contends that the district court gave significant weight to an irrelevant or improper factor, insofar as it improperly found the timespan of her relevant conduct to be indicative of a lack of respect for the law and imposed an upward variance based on facts that were already accounted for elsewhere in the guidelines calculation. There is no requirement that a sentence outside the Guidelines be imposed only in extraordinary cases, *see Gall*, 552 U.S. at 47, and a "sentencing court is free to conclude that the applicable Guidelines range gives too much or too little weight to one or more factors, and may adjust the sentence accordingly under § 3553(a)," *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Bryson may disagree with how the court balanced the § 3553(a) factors, but she has not demonstrated "a clear error of judgment in balancing" those factors. *See Diehl*, 775 F.3d at 724. Given the deference owed to the district court's sentencing decision, Bryson has failed to show the court abused its discretion. *See id.*

AFFIRMED.