# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2022

Lyle W. Cayce
Clerk

No. 21-50562
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Tito Bonilla-Morales,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:20-CR-1730-1

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Jose Tito Bonilla-Morales appeals from the 27-month sentence of imprisonment imposed following his guilty plea conviction for illegal reentry into the United States. He argues that the district court committed a significant procedural error by imposing an upward variance from the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50562

advisory guidelines range without providing specific underlying reasons. Because he did not object on this basis in district court, we review his challenge for plain error only. *See United States v. Coto-Mendoza*, 986 F.3d 583, 585-86 (5th Cir.), *cert. denied*, 142 S. Ct. 207 (2021).

At sentencing, district courts are required to state in open court the reasons for the sentence imposed, and courts should provide more explanation for a non-guidelines sentence. 18 U.S.C. § 3553(c); *Rita v. United States*, 551 U.S. 338, 356-57 (2007). Our examination of the record shows that the district court in this case explicitly considered the parties' arguments and all of the relevant information before determining that specific sentencing factors warranted an upward variance. Thus, Bonilla-Morales has not shown any error, plain or otherwise, in this challenge. *See United States v. Fraga*, 704 F.3d 432, 439 (5th Cir. 2013). To the extent that he is raising a challenge to the substantive reasonableness of his sentence (which is arguably inadequately briefed), that challenge fails as well. *United States v. Kinchen*, 729 F.3d 466, 476 (5th Cir. 2013).

Accordingly, the judgment of the district court is AFFIRMED.