# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 21, 2022

Lyle W. Cayce
Clerk

No. 21-50896
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SALVADOR LERMA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-104-1

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.
PER CURIAM:*

Salvador Lerma was convicted of possession of a firearm by a convicted felon and sentenced within the applicable guidelines range to 115 months of imprisonment, to be followed by three years of supervised release. The district court also revoked Lerma's supervised release, imposed

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50896

pursuant to his 2015 conviction of possession of marijuana with intent to distribute, and sentenced him to 24 months of imprisonment.

To the extent Lerma seeks to challenge his revocation sentence, he did not file a notice of appeal from the revocation order. "An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district court within the time allowed by Rule 4." Fed. R. App. P. 3(a)(1). A notice of appeal is a mandatory precondition to the exercise of this court's appellate jurisdiction. *See id.* In the absence of a notice of appeal, we lack jurisdiction to review Lerma's revocation sentence. The appeal is therefore DISMISSED IN PART.

Lerma challenges his firearm sentence as procedurally unreasonable, arguing that the district court failed to state its reasons for imposing his sentence. We apply plain error review because Lerma did not object to the procedural reasonableness of his sentence on this basis. *See United States v. Coto-Mendoza*, 986 F.3d 583, 585-86 (5th Cir.), *cert. denied*, 142 S. Ct. 207 (2021). The district court's reasons for the sentence sufficed "to satisfy the appellate court that [the sentencing judge] has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). Lerma has therefore not demonstrated any error, plain or otherwise. *See Coto-Mendoza*, 986 F.3d at 585-87.

Lerma also asserts that, under the analysis set forth in *United States v. Lopez*, 514 U.S. 549 (1995), the statute of conviction, 18 U.S.C. § 922(g)(1), exceeds the scope of Congress's power under the Commerce Clause and is therefore unconstitutional. He admits that this argument is foreclosed and is only raised to preserve the issue for further review. *See, e.g., United States v.*

*De Leon*, 170 F.3d 494, 499 (5th Cir. 1999).   The felon-in-possession judgment is therefore AFFIRMED.