# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2022

Lyle W. Cayce
Clerk

No. 21-50643

United States of America,

*Plaintiff—Appellee*,

*versus*

Carl Donovan Bender,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-24-1

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Carl Donovan Bender appeals the 63-month, within guidelines sentence imposed following his guilty plea conviction for possessing a firearm after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He argues that the sentence is procedurally unreasonable because the district court did not consider his terminal cancer diagnosis and prognosis of 6 to 18

---

\* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

months to live under 18 U.S.C. § 3553(a)(2)(D) when determining his sentence and because it did not adequately explain the sentence imposed. He argues that the sentence is substantively unreasonable because the district court did not account sufficiently for his mitigating medical condition and thus, that the sentence is greater than necessary to meet the goals of § 3553(a).

We review Bender's procedural error arguments for plain error because he did not raise those issues before the district court. *See United States v. Coto-Mendoza*, 986 F.3d 583, 585-86 (5th Cir.), cert. denied, 142 S. Ct. 207 (2021); *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). There is no such error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). In determining a particular sentence, the district court should consider several factors, including "the need for the sentence imposed . . . to provide the defendant with needed . . . medical care . . . in the most effective manner." § 3553(a)(2)(D). While Bender asked for probation based upon his medical condition and prognosis, the district court noted that the Bureau of Prisons had "really good medical staff" and ensured him that it would recommend that he be placed in a medical facility as soon as possible. Accordingly, the record reflects that the district court considered Bender's need for medical care under § 3553(a)(2)(D) when determining his sentence. Further, after reflecting on Bender's lengthy criminal history, making clear that it considered Bender's oral motion for a downward variance, and considering the § 3553(a) factors, the district court stated that a 63-month, within guidelines sentence was "more than fair and reasonable." The district court's explanation for the within guidelines sentence was sufficient. *See Rita v. United States*, 551 U.S. 338, 356-59 (2007).

Bender's preserved challenge to the substantive reasonableness of his sentence is reviewed for abuse of discretion. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020); *Gall v. United States*, 552 U.S. 38, 51

(2007).     The district court considered the mitigating circumstances articulated by Bender and considered the § 3553(a) factors.  Bender fails to show "that the sentence does not account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors."  See *United States v. Hernandez*, 876 F.3d 161, 166 (5th Cir.  2017).  The district court's judgment is AFFIRMED.