# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 2, 2022

Lyle W. Cayce
Clerk

No. 21-11235
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Erika Perez-Garcia,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-72-1

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Erika Perez-Garcia appeals the within-guidelines 57-month sentence imposed following her guilty plea conviction for illegal reentry. She concedes that the district court provided adequate reasons to support the prison term but asserts that the court was further obligated under *Rita v. United States*,

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-11235

551 U.S. 338 (2007), to specifically address her nonfrivolous arguments for a below-guidelines sentence. We review this forfeited objection for plain error. *See United States v. Coto-Mendoza*, 986 F.3d 583, 585-86 (5th Cir.), *cert. denied*, 142 S. Ct. 207 (2021).

The record as a whole reflects that the district court considered Perez-Garcia's arguments for a lesser sentence, including that she had been brought to the United States as a young child, had attended public schools, almost qualified for derivative citizenship, suffered from mental health issues and poverty, and had returned to the United States only to be with her children. The court's stated explanation for the within-guidelines sentence provided a reasoned basis for it. Accordingly, the court did not err by failing to reference each of Perez-Garcia's arguments. *See Rita*, 551 U.S. at 343-45, 356, 358-59; *Coto-Mendoza*, 986 F.3d at 584, 586-87 & nn.4-6; *United States v. Becerril-Pena*, 714 F.3d 347, 351-52 (5th Cir. 2013). The judgment of the district court is therefore AFFIRMED.

The Government's motion for summary affirmance is DENIED as MOOT. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). In the interest of judicial economy, the alternative motion for an extension of time to file a brief on the merits is similarly DENIED as MOOT.