# United States Court of Appeals for the Fifth Circuit

No. 20-11178
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan Lopez-Guzman,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:20-CR-63-1

Before Southwick, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Juan Lopez-Guzman appeals the within-Guidelines, 18-month prison sentence imposed following the revocation of his supervised release term. The district court ordered that the revocation sentence run consecutively to the 45-month sentence imposed for his 2020 conviction for illegal reentry

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

after deportation. Lopez-Guzman argues that his revocation sentence is procedurally unreasonable because the district court failed to adequately articulate its reasons for imposing the sentence.

Because Lopez-Guzman did not object to the procedural reasonableness of his revocation sentence in the district court, review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). When, as here, a district court applies a within-Guidelines sentence, "doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356 (2007). The district court stated that it had considered Lopez-Guzman's arguments and the sentencing factors listed in 18 U.S.C. § 3553(a), and it explained that the sentence was imposed due to the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to afford adequate deterrence of criminal conduct. Accordingly, the district court gave a sufficient explanation for imposing Lopez-Guzman's revocation sentence, and the sentence was not procedurally unreasonable. *See Rita*, 551 U.S. at 356; *United States v. Coto-Mendoza*, 986 F.3d 583, 586-87 (5th Cir. 2021).

Even if the district court did err, Lopez-Guzman has not established that the error affected his substantial rights. *See United States v. Broussard*, 669 F.3d 537, 553 (5th Cir. 2012). Lopez-Guzman's argument amounts to no more than a request for us to reweigh the § 3553(a) factors, which we will not oblige. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

The judgment of the district court is AFFIRMED.