# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 23, 2022

Lyle W. Cayce
Clerk

No. 22-50108
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Marcos Andres Briceno-Romero,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:20-CR-1515-3

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Marcos Andres Briceno-Romero appeals the sentence imposed following his guilty plea conviction for conspiracy to commit fraud in connection with access devices (Count One), conspiracy to commit mail fraud (Count Two), aiding and abetting the use of unauthorized access

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

devices (Count Three), aiding and abetting the possession with intent to use five or more identification documents (Count Four), and aiding and abetting aggravated identity theft (Counts Five, Six, and Seven). The district court sentenced Briceno-Romero to concurrent 41-month terms of imprisonment on Counts One through Four and 24-month terms of imprisonment on Counts Five through Seven, to run consecutively to each other and all other counts, for a total of 113 months of imprisonment.

Briceno-Romero challenges the procedural reasonableness of his consecutive sentences for his aggravated identity theft convictions. He asserts that the district court failed to consider the factors set forth in the commentary to U.S.S.G. § 5G1.2 in determining whether Counts Five through Seven should run consecutive to one another and that it failed to adequately explain its decision to impose consecutive sentences. Because Briceno-Romero did not raise these specific arguments in the district court, our review is for plain error. *See United States v. Coto-Mendoza*, 986 F.3d 583, 585-86 (5th Cir. 2019), *cert. denied*, 142 S. Ct. 207 (2021); *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). The district court had the discretion to determine whether those imprisonment terms would be served concurrently or consecutively. *See* 18 U.S.C. § 1028A(b)(4). Based on the evidence regarding the extent of Briceno-Romero's fraudulent conduct, his leadership role, and his prior conviction for attempted grand larceny by false pretense for which he was still serving probation, the district court did not commit a clear or obvious error by imposing consecutive sentences on Counts Five through Seven. *See* § 1028A(b)(4); U.S. Sent'g Guidelines Manual § 5G1.2 cmt. n.2(B); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009). Similarly, Briceno-Romero has not shown any clear or obvious error regarding the adequacy of the district court's reasons. *See Puckett*, 556 U.S. at 135.

No. 22-50108

In addition, Briceno-Romero contends that his sentence was substantively unreasonable. We review a challenge to the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Briceno-Romero has not shown that the district court abused its discretion in determining that the aggravated identity theft sentences should be served consecutively. *See* § 1028A(b)(4). The district court listened to his argument for concurrent sentences and rejected it based on his role in the offenses. Nor has he shown that the district court abused its discretion by creating an unwarranted disparity between his sentence and the sentences of his co-defendants. *See United States v. Balleza*, 613 F.3d 432, 435 (5th Cir. 2010). Briceno-Romero therefore fails to show that his sentence is substantively unreasonable. *See Gall*, 552 U.S. at 51.

The judgment of the district court is AFFIRMED.