# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-10690
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
January 12, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Fidelmar Hernandez-Jimenez,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CR-457-1

---

Before Higginbotham, Graves, and Ho, *Circuit Judges.*

Per Curiam:[*]

Fidelmar Hernandez-Jimenez pleaded guilty to illegal reentry into the United States after having been removed, in violation of 8 U.S.C. § 1326(a), and was sentenced to 24 months of imprisonment. He contends that the district court failed to adequately respond to his arguments for a lesser sentence. The Government has filed an unopposed motion for summary affirmance, asserting that Hernandez-Jimenez's challenge to the adequacy of

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the sentence explanation is foreclosed by *United States v. Coto-Mendoza*, 986 F.3d 583 (5th Cir.), *cert. denied*, 142 S. Ct. 207 (2021). Alternatively, the Government requests an extension of thirty days in which to file a merits brief.

Although Hernandez-Jimenez concedes that his challenge to the adequacy of the district court's explanation of his sentence is foreclosed, review of this argument entails a more involved analysis than is appropriate for a summary affirmance case. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, we DENY the motion for summary affirmance. However, because this case may be resolved without further briefing, we also DENY, as unnecessary, the Government's alternative motion for an extension of time. *See United States v. Bailey*, 924 F.3d 1289, 1290 (5th Cir. 2019).

Because Hernandez-Jimenez did not object to the district court's failure to address his arguments for a below guidelines sentence, we review only for plain error. *See Coto-Mendoza*, 986 F.3d at 585-86. In this case, the record reflects that the district court "listened to each argument . . . then simply found these circumstances insufficient to warrant a sentence lower than the Guidelines range." *Rita v. United States*, 551 U.S. 338, 358 (2007). Notwithstanding the brief nature of its explanation, the district court's explanation suffices to show that it considered the parties' arguments and had a reasoned basis for its sentence. *See United States v. Rouland*, 726 F.3d 728, 732 (5th Cir. 2013). Accordingly, Hernandez-Jimenez failed to demonstrate plain error in the adequacy of the district court's explanation of the sentence. *See Coto-Mendoza*, 986 F.3d at 587.

AFFIRMED.