# United States Court of Appeals for the Fifth Circuit

_____

No. 22-10625
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
January 13, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Rodolfo Tovar-Zamarripa,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-197-1

_____

Before Jolly, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

 Rodolfo Tovar-Zamarripa appeals his sentence for illegal reentry into the United States after having been removed, in violation of 8 U.S.C. § 1326(a) and (b)(1). He contends that the district court erred in determining that he was subject to a 10-year maximum sentence under § 1326(b) and in failing to adequately respond to his arguments for a lesser sentence. The Government has filed an unopposed motion for summary affirmance,

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

asserting that Tovar-Zamarripa's arguments are foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and *United States v. Coto-Mendoza*, 986 F.3d 583 (5th Cir.), *cert. denied*, 142 S. Ct. 207 (2021). Alternatively, the Government requests an extension of thirty days in which to file a merits brief.

While Tovar-Zamarripa's challenge to the imposition of a mandatory maximum sentence of 10 years is clearly foreclosed by *Almendarez-Torres*, his challenge to the adequacy of the district court's explanation of his sentence entails a more involved analysis than is appropriate for a summary affirmance case. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, we DENY the motion for summary affirmance. However, because this case may be resolved without further briefing, we also DENY, as unnecessary, the Government's alternative motion for an extension of time. *See United States v. Bailey*, 924 F.3d 1289, 1290 (5th Cir. 2019).

Tovar-Zamarripa argues that the district court erred in determining that he was subject to a 10-year maximum sentence under § 1326(b) because it was based on facts that were not alleged in the indictment nor found by a jury beyond a reasonable doubt. However, the district court did not err because this argument is foreclosed by *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019).

Because Tovar-Zamarripa did not object to the district court's failure to address his arguments for a below guidelines sentence, we review only for plain error. *See Coto-Mendoza*, 986 F.3d at 585-86. In this case, the record reflects that the district court "listened to each argument . . . then simply found these circumstances insufficient to warrant a sentence lower than the Guidelines range." *Rita v. United States*, 551 U.S. 338, 358 (2007). Notwithstanding the brief nature of its explanation, the district court's

No. 22-10625

explanation suffices to show that it considered the parties' arguments and had a reasoned basis for its sentence. *See United States v. Rouland*, 726 F.3d 728, 732 (5th Cir. 2013). Accordingly, Tovar-Zamarripa failed to demonstrate plain error in the adequacy of the district court's explanation of the sentence. *See Coto-Mendoza*, 986 F.3d at 587.

AFFIRMED.