# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 11, 2023

Lyle W. Cayce
Clerk

———————————

No. 22-50758
Summary Calendar

———————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RENEE HUERTA LOPEZ,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-360-2

_____

Before WIENER, ELROD, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Renee Lopez pleaded guilty to conspiracy to possess with intent to distribute, and to distribute, 50 grams or more of actual methamphetamine. The district court sentenced her to the guideline maximum of 293 months. She now appeals her sentence.

Lopez argues that her sentence was unreasonable because the district

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

court failed to provide sufficient explanation for her sentence as required under 18 U.S.C. § 3553(c). While Lopez characterizes her argument as a challenge to the substantive reasonableness of her sentence, her argument constitutes a procedural objection. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). During the sentencing hearing, Lopez did not object to the adequacy of the district court's explanation. Thus, her argument is subject to plain error review. *Id.* at 361; *see also United States v. Coto-Mendoza*, 986 F.3d 583, 585–86 (5th Cir. 2021).

We apply the familiar four-part test to assess plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Assuming *arguendo* that Lopez could meet the first two conditions, she cannot satisfy the third. Lopez has not demonstrated a reasonable probability that her sentence would have been different had the district court more thoroughly explained its reasoning. Thus, she fails to demonstrate that any error affected her substantial rights. *Mondragon-Santiago*, 564 F.3d at 360.

AFFIRMED.