# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 21, 2023

Lyle W. Cayce
Clerk

No. 22-40638
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Jesus Zuniga,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:22-CR-185-3

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Jesus Zuniga appeals the within-guideline sentence imposed following his conviction for possession with intent to distribute more than 500 grams of cocaine. He contends the sentence is both procedurally and substantively unreasonable.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Contrary to Zuniga's assertion, his request for a downward departure or variance did not preserve a challenge to the sufficiency of the district court's explanation of the sentence. *See United States v. Coto-Mendoza*, 986 F.3d 583, 586 (5th Cir.), *cert. denied*, 142 S. Ct. 207 (2021). The record shows that the district court responded to Zuniga's arguments and provided some explanation for his within-guideline sentence. Zuniga has not shown that more of an explanation was required for his within-guidelines sentence. *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).

As for his substantive-reasonableness challenge, Zuniga preserved the issue for appeal by moving for a downward variance. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 767 (2020). At sentencing, the district court considered the 18 U.S.C. § 3553(a) factors, found that the guideline range was appropriate, and found that a 96-month sentence was needed to protect the public and deter further criminal conduct. While Zuniga contends that the district court gave improper weight to the nature and circumstances of the offense and to his criminal history because of the disparity between his sentence and the 60-month sentence received by his co-defendant who possessed a gun, he ignores the disparity between his and his co-defendant's criminal history category, which the district court explained was the driver of Zuniga's higher guideline range.

Zuniga has not shown that the district court considered an improper factor, failed to consider a relevant factor, or committed a clear error of judgment in balancing the § 3553(a) factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). His arguments amount to a mere disagreement with the sentence imposed, which is insufficient to support his contention that the sentence was unreasonable. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). He is essentially asking us to reweigh the § 3553(a) factors, which we will not do. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Zuniga has failed to rebut the presumption of reasonableness

No. 22-40638

applicable to his within-guideline sentence and has not shown that the district court abused its discretion. *See United States v. Hernandez*, 876 F.3d 161, 166-67 (5th Cir. 2017); *Cooks*, 589 F.3d at 189.

The district court's judgment is AFFIRMED.