# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-10804
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
June 20, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan Manuel Amaya-Castaneda,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-45-1

_____

Before Davis, Smith, and Douglas, *Circuit Judges*.

Per Curiam:*

Juan Manuel Amaya-Castaneda appeals the 37-month prison term imposed under 8 U.S.C. § 1326(b)(1) for his illegal presence in the United States following removal. He concedes that the district court provided adequate reasons for the guidelines sentence but asserts that it was further obligated under *Rita v. United States*, 551 U.S. 338 (2007), to specifically

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

address his nonfrivolous arguments for a downward variance. We review this forfeited objection for plain error. *See United States v. Coto-Mendoza*, 986 F.3d 583, 585-86 (5th Cir. 2021).

The record reflects that the district court considered Amaya-Castaneda's straightforward and simple arguments for a below-guidelines sentence and provided a reasoned basis for rejecting the request. The court explained that a 37-month sentence was necessary to reflect the seriousness of the offense, provide just punishment, promote respect for the law, afford deterrence, and protect the public. Under the circumstances, it did not commit error, plain or otherwise, by failing to explicitly reference Amaya-Castaneda's arguments for a lower sentence. *See Rita*, 551 U.S. at 343-45, 356, 358-59; *Coto-Mendoza*, 986 F.3d at 584, 586-87 & nn.4-6.

Amaya-Castaneda also contends that the district court's treatment of his prior conviction as a sentencing factor and not an element of the offense under § 1326(b)(1) violated the Fifth and Sixth Amendments and was inconsistent with historical common law practice. He asserts, therefore, that the court erred by imposing a sentence above the two-year statutory maximum in § 1326(a). He correctly concedes, however, that the objection is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226 (1998). *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019).

Although Amaya-Castaneda's appeal can be resolved without further briefing, summary affirmance is not appropriate as to the first issue. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). The Government's motion for summary affirmance is DENIED. The alternative motion for an extension of time to file a brief on the merits is DENIED as unnecessary. The judgment of the district court is AFFIRMED.