# United States Court of Appeals for the Fifth Circuit

————————

No. 23-60315
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

January 11, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Lucas Smith,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:22-CR-62-1

———————————————————

Before Barksdale, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Lucas Smith pleaded guilty to: one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; and one count of engaging in a monetary transaction involving criminally derived property, in violation of 18 U.S.C. § 1957. The district court sentenced him to a within-Guidelines 240-months' sentence.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60315

Smith asserts the district court erred by:  imposing a two-level enhancement under Guideline § 2D1.1(b)(2) ("If the defendant used violence, made a credible threat to use violence, or directed the use of violence, increase by 2 levels."); and failing to adequately consider the 18 U.S.C. § 3553(a) sentencing factors.  He also disagrees with the court's weighing of several of those factors.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 46, 51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

First, Smith contends the court erred by applying a two-level enhancement because his statements do not amount to a credible threat of violence.  "Application of [Guideline § 2D1.1(b)(2)] is a factual finding reviewable for clear error."  *United States v. Dennis*, 41 F.4th 732, 744 (5th Cir. 2022), *cert. denied*, 143 S. Ct. 2616 (2023).

In the light of the testimony at sentencing, including by Smith, the court did not clearly err in finding Smith made a credible threat to use violence against a person or his family.  *See id.*; *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006) ("We will uphold a district court's factual finding on clear error review so long as the enhancement is plausible in light of the record as a whole.").

Second, Smith arguably asserts the court procedurally erred by failing to give "adequate[]" or "meaningful consideration" to the 18 U.S.C. § 3553(a) sentencing factors. *See Gall*, 552 U.S. at 51 (including "fail[ure] to consider the § 3553(a) factors" as procedural error). Because Smith did not preserve this issue in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Smith must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

The record, including the court's comments based on Smith's testimony at sentencing, reflects that it adequately evaluated the 18 U.S.C. § 3553(a) sentencing factors. Smith, therefore, fails to show the requisite clear-or-obvious error. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006) ("The court, however, need not engage in robotic incantations that each statutory factor has been considered." (citation omitted)); *United States v. Coto-Mendoza*, 986 F.3d 583, 585–87 (5th Cir. 2021) (rejecting lack-of-explanation contention under plain-error review); *United States v. Mondragon-Santiago*, 564 F.3d 357, 365 (5th Cir. 2009) ("[Defendant]'s sentence is within the Guidelines, and he fails to show that an explanation would have changed his sentence.").

Finally, assuming Smith also, or instead, asserts a substantive-reasonableness challenge to his sentence and has adequately briefed it, he essentially asks our court to reweigh the 18 U.S.C. § 3553(a) sentencing factors and substitute our judgment, which our court will not do. *See Gall*, 552 U.S. at 51; *United States v. Heard*, 709 F.3d 413, 435 (5th Cir. 2013)

No. 23-60315

(declining to reweigh 18 U.S.C. § 3553(a) sentencing factors on substantive-reasonableness review).

AFFIRMED.