# United States Court of Appeals
# for the Fifth Circuit

No. 23-50333
CONSOLIDATED WITH
No. 23-50341

United States Court of Appeals
Fifth Circuit

**FILED**
March 18, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUAN JESUS VARGAS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC Nos. 7:22-CR-256-1,
7:16-CR-203-1

Before KING, HAYNES, AND GRAVES, *Circuit Judges.*

PER CURIAM:*

Juan Jesus Vargas pleaded guilty of violating 18 U.S.C. § 922(g)(1) by being a felon in possession of ammunition,[1] and the district court sentenced

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

[1] His previous felony convictions include aggravated assault via shooting someone to kill them.

him to a within-guidelines 115-month term of imprisonment and to a three-year period of supervised release. Vargas's supervised release in case number 7:16-CR-203-1 was revoked, and Vargas was sentenced to a consecutive 24-month term of imprisonment. Timely notices of appeal were filed, and the two appeals have been consolidated.

Vargas contends that the district court failed to provide an adequate explanation of its application of the statutory sentencing factors. Vargas's request for a sentence in the middle of the range did not preserve this procedural error, and our review is for plain error. *See United States v. Coto-Mendoza*, 986 F.3d 583, 585-86 (5th Cir. 2021). Here, the district court provided an adequate explanation. There was no error, plain or otherwise, with respect to the adequacy of the district court's reasons. *See id.* at 586-87; *see also Rita v. United States*, 551 U.S. 338, 356-57 (2007).

Vargas also asserts that the sentences were substantively unreasonable. Vargas has not rebutted the presumption of reasonableness that is accorded to within-Guidelines sentences. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

For the first time on appeal, Vargas also asserts that § 922(g) violates the Commerce Clause and the Second Amendment. He invokes *United States v. Lopez*, 514 U.S. 549 (1995), and *New York State Rifle & Pistol Assn., Inc. v. Bruen*, 142 S. Ct. 2111 (2022). Our review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Vargas's Commerce Clause challenge is foreclosed. *See United States v. Jones*, 88 F.4th 571, 573-74 (5th Cir. 2023). Any Second Amendment violation is not clear or obvious. *See id.* Although Vargas attempts to distinguish *Jones* because his offense involves ammunition, he has not pointed to any binding authority holding that ammunition and firearms

No. 23-50333
c/w No. 23-50341

should be treated differently for Second Amendment purposes. He has failed to show reversible plain error. *See Jones*, 84 F.4th at 574.

However, the criminal judgment states incorrectly that Vargas was convicted of being a felon in possession of a firearm, rather than ammunition. Thus, we remand for correction of the clerical error. *See* FED. R. CRIM. P. 36.

The judgments are AFFIRMED, and this matter is REMANDED for correction of the clerical error.