# United States Court of Appeals for the Fifth Circuit

No. 24-50971
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 2, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHARMANE EVONNE CORTEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:24-CR-124-2

Before STEWART, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Charmane Evonne Cortez pleaded guilty to conspiracy to possess with the intent to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. § 846, and was sentenced within the guidelines range to 188 months of imprisonment. For the first time on appeal, she argues that the district court erred by basing her sentence on actual methamphetamine

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

because the purity of the drugs involved was not verified by laboratory analysis. Cortez asserts that, although the Presentence Report (PSR) stated that there were lab reports supporting some, but not all, of the drug quantities involved in her offense, the PSR failed to provide any specific information supporting the purity levels of the drugs tested. She further asserts that there was no laboratory analysis at all to support the finding that the 455.8 grams of methamphetamine involved in the June 27, 2024 controlled purchase constituted actual methamphetamine. According to Cortez, the finding that her offense involved actual methamphetamine rather than a mixture containing methamphetamine was thus not supported by sufficiently reliable evidence. We review for plain error only. *See United States v. Coto-Mendoza*, 986 F.3d 583, 585-86 (5th Cir. 2021).

Because the PSR here was based on both lab reports and on Cortez's own admissions and because Cortez has not presented any evidence to rebut the PSR or her admissions, she has not shown that the district court plainly erred in relying on the PSR to determine the purity of the methamphetamine for purposes of calculating her offense level under the Guidelines. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *see also United States v. Dinh*, 920 F.3d 307, 313 (5th Cir. 2019); *United States v. Barfield*, 941 F.3d 757, 763-64 (5th Cir. 2019); *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012). Accordingly, the district court's judgment is AFFIRMED.