# United States Court of Appeals for the Fifth Circuit

---

No. 22-11053
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
August 30, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SANTOS DAVID RAMIREZ-ORTEGA,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-75-1

---

Before ELROD, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Santos David Ramirez-Ortega pled guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326(a). The district court sentenced Ramirez-Ortega to the within-guidelines, statutory maximum sentence of 24 months of imprisonment. On appeal, Ramirez-Ortega argues that the district court imposed a procedurally unreasonable sentence because it failed to

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

respond to his nonfrivolous arguments for the requested bottom-of-guidelines sentence. Because Ramirez-Ortega did not object to his sentence on this basis, we review for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To establish plain error, Ramirez-Ortega must show that the district court committed a clear or obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Even if Ramirez-Ortega is able to demonstrate that the error affected his substantial rights, we may exercise our discretion to correct the error only if that error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (alteration in original) (quotation and citation omitted). To the extent Ramirez-Ortega encourages us to apply a different standard of review and reconsider our circuit precedent in light of *Holguin-Hernandez v. United States*, 140 S. Ct. 762 (2020), we decline that invitation, just as we did in *United States v. Coto-Mendoza*, 986 F.3d 583, 586 (5th Cir. 2021).

Ramirez-Ortega has failed to show that the district court committed significant procedural error, let alone show that any purported error affected his substantial rights. *See Coto-Mendoza*, 986 F.3d at 586–87; *Mondragon-Santiago*, 564 F.3d at 361, 364–65. The district court was not required to address Ramirez-Ortega's arguments explicitly or to "provide specific reasons for rejecting [his] arguments." *United States v. Becerril-Pena*, 714 F.3d 347, 351 (5th Cir. 2013); *see Coto-Mendoza*, 986 F.3d at 587. The record demonstrates that the district court considered the facts of the case and Ramirez-Ortega's personal circumstances, properly addressed all relevant sentencing factors, and adequately articulated its "reasoned basis" for the within-guidelines sentence. *Rita v. United States*, 551 U.S. 338, 356 (2007); *see Coto-Mendoza*, 986 F.3d at 586–87.

AFFIRMED.