# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 18, 2020

Lyle W. Cayce
Clerk

No. 19-50591

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

COREY REEVES BOSTIC,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:19-CR-4-4

Before DENNIS, SOUTHWICK, and HO, *Circuit Judges*.

LESLIE H. SOUTHWICK, *Circuit Judge*:

The defendant entered an open plea of guilty. The Guidelines range was 21 to 27 months, but the district court imposed a 235-month sentence. The defendant here argues both the procedural and substantive unreasonableness of his sentence. We conclude that the district court needs to explain better its justification for such a sentence or impose a lesser one. We VACATE the sentence and REMAND for resentencing.

1

No. 19-50591

## FACTUAL AND PROCEDURAL BACKGROUND

Police officers responded to a 911 call of a possible drug overdose in Odessa, Texas. When they arrived, they discovered AF, a 24-year old female, who was not breathing. According to a witness, AF had been given heroin by her boyfriend Braxton Hudgens the previous evening. AF complained of the effects of the heroin, and Hudgens contacted Corey Reeves Bostic to obtain methamphetamine. Bostic arrived at the scene, saw that AF was in the midst of an overdose, and provided Hudgens with methamphetamine. Hudgens administered the drug to AF. AF was pronounced dead at a hospital.

At the time of her death, AF was under treatment for an enlarged heart and had previously undergone heart surgery. When she died, her heart was enlarged to four times its normal size. According to the medical examiner, while it was likely that drug use contributed to AF's death, her preexisting health condition prevented a showing of but-for causation. A federal grand jury for the Western District of Texas did not charge Bostic with AF's death, but he was indicted for conspiracy to possess with intent to distribute methamphetamine pursuant to 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. Bostic pled guilty without a plea agreement.

In the Presentence Investigation Report ("PSR"), the probation officer calculated an offense level of 10 and a criminal history category of V, producing a United States Sentencing Guidelines range of 21 to 27 months. The PSR recognized the findings of the medical examiner regarding causation, stating there was no identifiable victim as defined in *Burrage v. United States*, 571 U.S. 204 (2014), where the Supreme Court held:

> At least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the

> penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury.

*Id.* at 218–19.

At sentencing, the district court found the PSR accurate and adopted it, including the PSR's Guidelines calculations. Bostic's counsel argued that certain factors courts must consider under 18 U.S.C. § 3553(a) weighed against sentencing Bostic outside the Guidelines range. Bostic's counsel focused on the nature and circumstances of the offense and the history and characteristics of the defendant, which fall under Section 3553(a)(1). According to Bostic's counsel, because of the drug use and "dark" circumstances surrounding the offense, no one involved was thinking clearly, and Bostic specifically was "in a period of full use" of heroin, trying to stave off withdrawal. Bostic himself stated that he took responsibility for his actions and that if he could go back to the night of the events in question, he would have called 911.

The Government's counsel recognized that although Bostic did not cause the circumstances on the night in question, his actions were depraved. The Government stated: "It's not to say that they could have saved the life, but they didn't try. So the government can't in good faith say [Bostic] caused a death, but [Bostic] stood by and watched it and did nothing." The Government argued for a "modest upward departure" given the "horrific nature of the circumstances," and an "upward variance . . . to say that life matters."

The district court expressly found the PSR's Guidelines range of 21 to 27 months was "wanting," and noted that "if the government had been able to charge [Bostic] with distribution of methamphetamine which resulted in death, [Bostic] would have faced a mandatory minimum term of imprisonment of 20 years and a minimum of ten years of supervised release." The district court sentenced Bostic to 235 months of imprisonment and 3

years of supervised release. Bostic's counsel objected to the sentence as procedurally and substantively unreasonable.

The district court incorrectly indicated in Section IV of the Statement of Reasons form that Bostic's sentence was within the Guidelines range, and the district court left blank Section VI of the same form, which would provide information regarding the reasons for a variance, including which Section 3553(a) factors were considered in arriving at the sentence.

Bostic timely appealed.

## DISCUSSION

We review criminal sentences for reasonableness. *Gall v. United States*, 552 U.S. 38, 46 (2007). First, we determine whether the district court's sentence was procedurally unreasonable. *Id.* at 51. If the sentencing decision is procedurally sound, we then consider its substantive reasonableness, reviewing for abuse of discretion. *See id.* Though they are not the only consideration, "the Guidelines should be the starting point and the initial benchmark" for sentencing. *Id.* at 49. Bostic argues his sentence was both procedurally and substantively unreasonable.

Procedural error includes "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51 (referring to 18 U.S.C. § 3553(a)). Bostic argues on appeal that the district court did not provide an adequate explanation to "support[] the court's 770 percent upward variance from the high end of the Guidelines range." Bostic's counsel objected to Bostic's above-Guidelines sentence as procedurally unreasonable: "Specifically, we object to the imposition of this sentence of the 3553(a)(2) factor as not considering in the nature and

circumstances of the offense, the health and use of the decedent in this particular case." The district court responded merely, "Noted," and then ended the sentencing proceedings.

Considerations of the "nature and circumstances of the offense" fall under Section 3553(a)(1), not 3553(a)(2). Bostic's counsel, though, had earlier argued against an above-Guidelines sentence under Section 3553(a)(1) and cited the nature and circumstances of the offense. Because of that argument, we conclude that Bostic's objection sufficiently alerted the district court to the nature of the alleged error such that it had an opportunity for correction. *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009); Fed. R. Crim. P. 51(b). We thus review for abuse of discretion. *Gall*, 552 U.S. at 51.

If a district court imposes a sentence outside the Guidelines range, it must state on the record "the specific reason for the imposition of a sentence different from that described" in subsection (a)(4). § 3553(c)(2). This explanation must "allow for meaningful appellate review and . . . promote the perception of fair sentencing." *Gall*, 552 U.S. at 50. The district court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* Further, "a major departure should be supported by a more significant justification than a minor one." *Id.* For such a non-Guidelines sentence, a district court must more thoroughly articulate fact-specific reasons for its sentence, and "[t]he farther a sentence varies from the applicable Guideline sentence, the more compelling the justification based on factors in section 3553(a) must be." *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006) (quotation marks omitted).

We have held a district court made a procedural error by not adequately explaining the chosen sentence where the only supporting reasons were a recitation of the Guidelines calculation, accompanied by a brief

colloquy with defense counsel that did not squarely address the defendant's sentencing arguments, and where the district court overruled the defendant's objection without explanation. *United States v. Mondragon-Santiago*, 564 F.3d 357, 363–64, 364 n.5 (5th Cir. 2009). Inadequate explanation can include a mere "passing reference" to the Section 3553(a) factors at the sentencing hearing and in the statement of reasons if not accompanied by some explanation for the selected sentence or the decision to depart from the advisory range. *United States v. Chon*, 713 F.3d 812, 823–24 (5th Cir. 2013).

The district court here adopted the PSR's Guidelines calculation, which provided a sentence of 21 to 27 months. It concluded, though, that this range was "wanting." It based its explanation on Section 3553(a)(2)(A), specifically the seriousness of the offense and AF's death. Beyond that, the district court discussed what Bostic's sentence might have been if Bostic had been charged with distribution of methamphetamine which resulted in death: 240 months of imprisonment. Without further elaborating, the district court sentenced Bostic to 5 months less than 20 years of imprisonment. The district court did not address Bostic's argument regarding the factors under Section 3553(a)(1), and it offered no explanation as to why it overruled his objection to the chosen sentence.

The Statement of Reasons form incorrectly indicated that Bostic was sentenced within the Guidelines range, and offered no explanation as to the district court's reasoning under Section 3553(a). We are not informed of the factors that led the district court to impose its sentence or informed whether it took into consideration Bostic's arguments regarding the Section 3553(a) factors. The sentence imposed here was nearly eight times longer than the Guidelines range and quite similar to an appropriate sentence for someone who was responsible for a death in these circumstances. The district court "must consider the extent of the deviation and ensure that the justification is

sufficiently compelling to support the degree of the variance," and "a major departure should be supported by a more significant justification than a minor one." *Gall*, 552 U.S. at 50. Such a sentence requires an explanation commensurate in thoroughness. *Smith*, 440 F.3d at 707. The dramatic deviation without commensurate explanation causes us to find more is needed.

With respect, the district court procedurally erred by offering an inadequate explanation, which was an abuse of its discretion. There is no need for us to address Bostic's arguments regarding substantive unreasonableness.

We recognize that the district court judge is in a "superior position to find facts and judge their import under § 3553(a)," and that the judge "sees and hears the evidence, [and] makes credibility determinations." *Gall*, 552 U.S. at 51. Our ruling should not be interpreted as taking a position on whether this same sentence could be justified by a more fulsome explanation. *See United States v. Johnson*, 648 F.3d 273, 280 (5th Cir. 2011). The substantive reasonableness of any sentence will be reviewed based on a thorough record that "allow[s] for meaningful appellate review and . . . promote[s] the perception of fair sentencing." *Gall*, 552 U.S. at 50.

VACATED and REMANDED for resentencing.

JAMES C. HO, *Circuit Judge*, dissenting:

Corey Reeves Bostic is no ordinary drug dealer. When he saw a 24-year-old woman overdosing on heroin, he did not try to help save her life. He sold her methamphetamine instead. She died shortly thereafter. And the medical examiner later stated the obvious: Although there was no conclusive proof of but-for causation, it was likely that the meth contributed to her death, along with her taking heroin and her underlying heart condition.

Bostic pleaded guilty to conspiracy to distribute and distributing methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. Congress has imposed a mandatory minimum sentence of 5 years and a maximum of 40 years for these offenses. 21 U.S.C. § 841(b)(1)(B). The Presentence Report, however, calculated only a 21 to 27 months range under the United States Sentencing Guidelines.

Not surprisingly, the district court found that range "wanting" considering the "seriousness of the offense and the death." So the court imposed a significant upward variance, sentencing Bostic to 235 months, or roughly half the maximum 40-year prison sentence set by Congress.

The reason for this significant upward variance seems obvious, befitting one of the most horrible fact patterns imaginable under the statute. At sentencing, the Government highlighted Bostic's "depravity that . . . is not common to human experience." As the Government explained, an "upward variance is appropriate to say life matters. And when you stand by and are part of a system, part of a scene where drug use is rampant and it ruins people's lives and you watch people die without lifting a finger to help them, that's something that we take seriously because we value life."

The court agreed with the Government and entered an upward variance under 18 U.S.C. § 3553(a) in light of "the devastating facts of this case." I find no procedural defect, warranting vacatur and remand, in what

the district court did.  *See, e.g.*, *United States v. Fraga*, 704 F.3d 432, 439 (5th Cir. 2013) ("[T]he district court need not engage in robotic incantations that each statutory factor has been considered . . . . [T]he sentencing judge heard and considered the evidence and arguments . . . and gave [the defendant] multiple opportunities to speak and present mitigating evidence.") (cleaned up); *United States v. Key*, 599 F.3d 469, 474 (5th Cir. 2010) ("[T]here is no error when examining the full sentencing record reveals the district court's reasons for the chosen sentence and allows for effective review by this court.") (cleaned up).  (To the extent a clerical error exists in the judgment form, a limited remand is sufficient to allow the district court to fix the error. *See* FED. R. CRIM. P. 36.)

That said, I take heart in the majority's invitation to the district court to issue precisely the same sentence on remand.  After all, there is nothing substantively unreasonable about sentencing Bostic to less than half the maximum 40-year prison sentence set by Congress.  And "[a]ppellate review of the substantive reasonableness of a sentence is highly deferential." *United States v. Hoffman*, 901 F.3d 523, 554 (5th Cir. 2019) (cleaned up).  *See also*, *e.g.*, *id.* at 565–65 (Dennis, J., concurring in part and dissenting in part) (collecting cases upholding upward variances higher than 1214% above-Guidelines recommendations).[1]

\* \* \*

The 235-month sentence is both procedurally and substantively reasonable.  I respectfully dissent.

---

[1] Additionally, I would review Bostic's asserted procedural violation for plain error, rather than for abuse of discretion. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). The defendant did not object to the alleged procedural defect with sufficient specificity before the district court, so the claim is not preserved for appeal. *See*, *e.g.*, *Key*, 599 F.3d at 474.  In any event, the district court did not abuse its discretion, for the reasons stated here.