# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 16, 2021

Lyle W. Cayce
Clerk

No. 20-50478
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

James H. Stevens,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:19-CR-337-1

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:[*]

James Stevens pleaded guilty to possessing child pornography, including images of children under the age of 12. 18 U.S.C. § 2252A(a)(5)(B), (b)(2). Unlike many defendants convicted of possessing child pornography, Stevens created some of the images he possessed. Those

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

images showed Stevens's penis next to a sleeping four-year old.  The child had severe cognitive disabilities, including being nonverbal.  The district court sentenced Stevens to a prison term of 200 months, which is above the advisory Guidelines range of 121 to 151 months.   Stevens argues that the district court failed to adequately explain its upward variance,

A district court commits a procedural error where it fails to explain adequately the chosen sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). Section 3553(c) requires the district court to state the reasons for a particular sentence in open court at sentencing and the "specific reason" for a non-guidelines sentence if one is imposed.  18 U.S.C. § 3553(c); *see United States v. Key*, 599 F.3d 469, 474 (5th Cir. 2010).  The explanation for the sentence must be sufficient "to allow for meaningful appellate review and to promote the perception of fair sentencing."  *Gall*, 552 U.S. at 50.

Because Stevens's request for a sentence within the guidelines range was insufficient to alert the district court of any procedural errors at sentencing, including the need for further explanation of the sentence, we review for plain error. *See United States v. Coto-Mendoza*, 986 F.3d 583, 585-86 (5th Cir. 2021);[1] *cf. United States v. Bostic*, 970 F.3d 607 (5th Cir. 2020). Under plain error review, we determine if there was a clear or obvious legal error which affected the defendant's substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If Stevens makes this showing, we have the discretion to remedy the error "only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Puckett*, 556 U.S. at 135 (internal punctuation, quotation marks, and citation omitted).

---

[1] *Coto-Mendoza* held that *Holguin-Hernandez v. United States*, 140 S. Ct. 762 (2020), does not override our precedent concerning what is required to preserve a claim of *procedural* sentencing error.  *See* 986 F.3d at 585-86.

There is no clear or obvious error. *Puckett*, 566 U.S. at 135. The district court alerted Stevens to the issues the court was considering in setting the sentence and invited Stevens to comment on each factor. *See Coto-Mendoza*, 986 F.3d at 586 n.4. When the district court cited the § 3553(a) factors that supported the sentence, those factors matched each area of concern to which the district court had alerted Stevens, including the seriousness of Stevens's offense, the need to protect the community against, and Stevens's criminal history. *See* § 3553(a)(2)(A), (B), and (C). The district court listened to Stevens's arguments in favor of a lower sentence, as well as the Government's recitation of the offense conduct. *See Coto-Mendoza*, 986 F.3d at 586 n.4. Moreover, the district court warned Stevens that the court was considering an above-guidelines sentence and offered to postpone sentencing, but Stevens declined. Stevens has failed to show a clear or obvious error in the adequacy of the district court's explanation of the sentence. *See Coto-Mendoza*, 986 F.3d at 585; *Puckett*, 556 U.S. at 135. Further, he has not shown that a more detailed explanation would have resulted in a lower sentence. *See Puckett*, 556 U.S. at 135; *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

Although we affirm Stevens's sentence, we note that the district court orally pronounced a condition of supervised release with an exception to the prohibition on internet access, but the written decision does not include the exception. We therefore remand for the limited purpose of correcting the clerical error in the written judgment. *See* FED. R. CRIM. P. 36; *United States v. Illies*, 805 F.3d 607, 610 (5th Cir. 2015); *United States v. Johnson*, 588 F.2d 961, 964 (5th Cir. 1979).

AFFIRMED; REMANDED for the limited purpose of correcting the clerical error in the written judgment.