# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2023

Lyle W. Cayce
Clerk

No. 22-30491
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Darius Williams,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CR-145-1

_____

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Darius Williams appeals his 80-month sentence for possessing a firearm as a convicted felon. Although the advisory guidelines range was 24-30 months of imprisonment, the district court applied an upward variance to

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-30491

80 months of imprisonment. Williams challenges the procedural and substantive reasonableness of his sentence.

Williams preserved both of these issues, so we review under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 128 (2007). Williams offers a procedural argument that the district court should have provided more explanation during sentencing. He also argues that the Guidelines variance sentence was substantially unreasonable on its face and because it was supported only by evidence of general neighborhood conditions.

We find the district court did not procedurally abuse its discretion. The court informed both parties it was considering a variance and allowed each to present argument and evidence. The court then stated which evidence it found supported an above-guidelines sentence, and the district court's reasons addressed the sentencing factors of 18 U.S.C. § 3553(a). Accordingly, the sentence was rooted in the sentencing factors. *See United States v. Bostic*, 970 F.3d 607, 611 (5th Cir. 2020); *United States v. Diaz Sanchez*, 714 F.3d 289, 294 (5th Cir. 2013).

We find the district court did not substantively abuse its discretion. The district court established reliability and is not otherwise required to follow the rules of evidence at sentencing. *United States v. Moton*, 951 F.3d 639, 645 (5th Cir. 2020). Unadjudicated conduct, moreover, may be taken into account at sentencing where, as here, the evidence bears sufficient indicia of reliability. *United States v. Parkerson*, 984 F.3d 1124, 1129 (5th Cir. 2021). To the extent Williams argues general neighborhood conditions were imputed to him, only individualized evidence was cited by the district court as a basis for sentencing.

AFFIRMED.