# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 24, 2025

Lyle W. Cayce
Clerk

———————

No. 24-30215
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Marcell Deangelo Lewis,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:19-CR-7-1

_____

Before Graves, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Marcell Deangelo Lewis appeals the 24-month, above-guidelines sentence imposed following the revocation of his supervised release. He argues that the district court procedurally erred at sentencing by failing to adequately explain its reasons for the imposed sentence and failing to accurately calculate his guidelines range.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30215

As to Lewis's first claim, we pretermit a full discussion of the standard of review because Lewis's arguments fail even under the less deferential standard of review. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). This is not a case where the sentencing judge "did not mention any [18 U.S.C. § 3553] factors at all and did not give any reasons for its sentence beyond a bare recitation of the Guideline's calculation." *United States v. Fraga*, 704 F.3d 432, 439 (5th Cir. 2013) (internal quotation marks and citation omitted). The district court provided explicit, specific reasons for the sentence—it named specific § 3553 factors which were particularly relevant to the defendant. Furthermore, given the limited extent of the upward variance, the district court's somewhat succinct explanation for the sentence imposed was legally sufficient. *See United States v. Bostic*, 970 F.3d 607, 611 (5th Cir. 2020). In short, the district court's explanation was sufficient to show that it had a "reasoned basis for exercising [its] own legal decision-making authority." *United States v. Rita*, 551 U.S. 338, 356 (2007).

As to his latter argument, we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Lewis fails to show error, let alone clear or obvious error, in the district court's use of the criminal history category that was calculated at the time Lewis was originally sentenced in determining his guidelines sentencing range on revocation. *See* U.S.S.G. § 7B1.4, p.s.; *see also United States v. Giddings*, 37 F.3d 1091, 1096 (5th Cir. 1994) (explaining that a revocation of supervised release is not a resentencing). Accordingly, the judgment of the district court is AFFIRMED.

2