REVISED

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 28, 2026

Lyle W. Cayce
Clerk

No. 24-50938

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ZYTRELL MONTAE HORTON,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:22-CR-51-1

_____

ON PETITION FOR REHEARING EN BANC

Before BARKSDALE, WILLETT, and DUNCAN, *Circuit Judges*.
STUART KYLE DUNCAN, *Circuit Judge*:

Treating the petition for rehearing en banc as a petition for panel rehearing (5th Cir. R. 35 I.O.P.), the petition for panel rehearing is DENIED. Because no member of the panel or judge in regular active service requested that the court be polled on rehearing en banc (FED. R. APP. P. 35 and 5th Cir. R. 35), the petition for rehearing en banc is DENIED. The opinion issued November 10, 2025, is withdrawn by the panel and the following is substituted in its place.

No. 24-50938

Zytrell Horton challenges his 240-month sentence as procedurally erroneous and substantively unreasonable and as violating his right to allocute. Finding no reversible error, we AFFIRM.

I

Horton pled guilty of possessing fentanyl with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). His Presentence Investigation Report (PSR) initially calculated a Guidelines range of 210–240 months by applying U.S.S.G. § 2D1.1(a)(2) (2021). That subsection elevates the base offense level to 38 if the defendant was convicted under § 841(b)(1)(C) and "death or serious bodily injury result[ed]" from the drug crime. *See United States v. Greenough*, 669 F.3d 567, 572–73, 575 (5th Cir. 2012) (explaining interaction of § 2D1.1(a)(2) and § 841(b)(1)(C)).[1] The PSR recited that Horton's sale of fentanyl-laced Percocet pills "resulted in" the death of an Army soldier, L.G.

At his sentencing hearing, Horton objected to applying § 2D1.1(a)(2) because, he contended, no evidence linked the drug sale to L.G.'s overdose. In response, the Government offered testimony from an agent with the U.S. Army's Criminal Investigation Division who supervised the investigation of L.G.'s death. The agent testified about communications and payment between Horton and L.G., showing that L.G. bought the disguised fentanyl from Horton shortly before his overdose. The agent also described two similar undercover buys from Horton, one occurring within twelve hours of L.G.'s death. And the agent confirmed that L.G. died from a toxic mixture of cocaine and fentanyl. The district court overruled Horton's objection and

---

[1] The current version of § 2D1.1(a)(2), which took effect on November 1, 2024, does not include the "death or serious bodily injury" language.

sentenced him to 240 months' imprisonment with three years' supervised release and imposed a $10,000 fine.

When Horton appealed, the Government conceded that applying § 2D1.1(a)(2) was plain error under our *Greenough* decision because L.G.'s death was not part of the crime to which Horton pled guilty. *See Greenough*, 669 F.3d at 575 (holding "U.S.S.G. § 2D1.1(a)(2) applies only when the second prong of [§ 841(b)(1)(C)], i.e. that death or serious bodily injury results, is also part of the crime of conviction"). Accordingly, we remanded for resentencing.

At resentencing, the Government conceded that § 2D1.1(a)(2) no longer applied and that, consequently, Horton's Guidelines range was now 10–16 months. The district court then heard argument on whether to vary upward. Horton argued that the court could not consider L.G.'s death at all because it had not been "indicted and proven." Disagreeing, the Government argued the court could consider Horton's role in L.G.'s overdose and advocated for an upward variance to the now-maximum 240 months. Without informing Horton of his right to allocute, the court imposed a 240-month sentence. By way of explanation, the court stated:

> The Court cites to 18 United States Code Section 3553(a) to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, also to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant.

The court also imposed three years' supervised release and reimposed the previous fine. Following imposition of sentence, Horton's counsel did not object.

Horton again appeals.

No. 24-50938

## II

We review preserved sentencing objections in two steps. *United States v. Cano*, 981 F.3d 422, 425 (5th Cir. 2020). First, we evaluate whether the district court abused its discretion by committing a procedural error, such as insufficiently explaining the sentence. *Ibid.*; *see also Rita v. United States*, 551 U.S. 338, 356 (2007). If the court did not procedurally err, we review the sentence's substantive reasonableness for abuse of discretion. *United States v. Foley*, 946 F.3d 681, 685 (5th Cir. 2020).

Unpreserved challenges are reviewed for plain error under a four-part inquiry. *United States v. Sepulveda*, 64 F.4th 700, 709 (5th Cir. 2023). To prevail, a defendant must show (1) error, (2) that is clear or obvious, (3) that affected his substantial rights, and (4) that "ha[d] a serious effect on the fairness, integrity, or public reputation of judicial proceedings." *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012) (internal quotation omitted); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009).

## III

Horton challenges his sentence on three grounds. First, he argues the sentence was procedurally unreasonable because the district court did not sufficiently explain its 224-month upward variance. Second, he argues the sentence was substantively unreasonable because the court improperly considered his role in L.G.'s death. Finally, he argues the court's failure to allow him to allocute requires resentencing.

## A

We begin with the procedural claim. The parties dispute whether Horton preserved this error. Horton argues he did so by objecting to consideration of L.G.'s death at resentencing. The Government responds

4

No. 24-50938

that Horton failed to object after the court explained the basis for the sentence. We agree with the Government.

An objection must be specific enough to bring an error to the district court's attention. *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). While the objection need not be in "minute detail or ultra-precise terms," *United States v. Pineiro*, 470 F.3d 200, 204 (5th Cir. 2006) (per curiam), the defendant must say enough that the "district court may correct itself and thus, obviate the need for our review." *United States v. Rodriguez*, 15 F.3d 408, 414 (5th Cir. 1994) (quoting *United States v. Bullard*, 13 F.3d 154, 156 (5th Cir. 1994) (per curiam)).

Horton failed to do this. After the district court articulated the basis for the sentence, Horton offered no objection whatsoever. His prior objection—to considering L.G.'s death—had nothing to do with the quality of the court's explanation of the sentence. Nor could it have, given that the objection occurred *before* the court even imposed sentence. Horton "could have asked the district court for further explanation during the sentencing hearing, but [he] did not." *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).[2]

Accordingly, we review Horton's procedural challenge for plain error.

Horton argues that, in explaining the sentence, the district court merely recited the § 3553(a) factors without explicitly tying them to case-specific facts. We agree with Horton that this insufficient explanation

---

[2] To support the sufficiency of his objection, Horton relies on *United States v. Bostic*, 970 F.3d 607 (5th Cir. 2020). But *Bostic* does not help him. In that case, defense counsel "objected to the sentence as *procedurally* and substantively unreasonable" and contested the court's application of the § 3553(a) factors. *Id.* at 610 (emphasis added). Horton did neither.

was clear error. As we explain below, however, that error did not affect Horton's substantial rights.

While within-Guidelines sentences require less explanation, *see* 18 U.S.C. § 3553(c)(1), non-Guidelines sentences require more. *See id.* § 3553(c)(2). For such sentences, a district court must "carefully articulate the reasons" for its decision and include "facts specific to the case at hand which led the court to conclude that the sentence imposed was fair and reasonable." *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). The explanation must "allow for meaningful appellate review and . . . promote the perception of fair sentencing." *Gall v. United States*, 552 U.S. 38, 50 (2007). A "more significant justification" is required for a "major departure" from the Guidelines range. *Id.* In such cases, the court "must more thoroughly articulate fact-specific reasons for its sentence." *Bostic*, 970 F.3d at 611.

The district court's explanation did not satisfy these requirements. *See United States v. Diaz Sanchez*, 714 F.3d 289, 294 (5th Cir. 2013) (considering the "district court's statements" when examining its explanation). Instead of articulating its reasoning or reciting case-specific facts, it only gestured toward the § 3553(a) factors. *Cf. Mondragon-Santiago*, 564 F.3d at 363 (district court erred by "not giv[ing] any reasons for its sentence beyond a bare recitation of the Guideline's calculation"). The large upward variance imposed here required a much more detailed explanation than the skeletal one given. *See Bostic*, 970 F.3d at 612 (the court's "dramatic deviation without commensurate explanation" was clear error).

Horton stumbles at the third prong of plain-error review, however. To satisfy this prong, Horton needed to show that the inadequate explanation "affected the sentencing outcome." *Mondragon-Santiago*, 564 F.3d at 365. Yet Horton offers no rejoinder whatsoever to the Government's argument

that the court's inadequate explanation did not affect his sentence, and the transcript of the sentencing hearing indicates that there were sufficient facts presented in favor of the variance such that explaining the sentence would not have led the district court to change its mind. *See United States v. Said*, No. 21-10588, 2023 WL 167213, at *6 (5th Cir. Jan. 12, 2023) (per curiam). Accordingly, Horton has failed to show that the error affected his substantial rights.

B

We turn to Horton's argument that his sentence was substantively unreasonable. Because he preserved this claim by advocating for a lesser sentence, *see Holguin-Hernandez v. United States*, 589 U.S. 169, 174–75 (2020), we review for abuse of discretion, *see Gall*, 552 U.S. at 51.

When assessing the substantive reasonableness of a non-Guidelines sentence, we may "take the degree of variance into account and consider the extent of a deviation from the Guidelines." *Id.* at 47. "The farther a sentence varies from the applicable Guidelines sentence, the more compelling the justification based on factors in section 3553(a) must be." *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015) (internal quotation marks and citation omitted). "A non-Guidelines sentence unreasonably fails to reflect the [§ 3553(a) factors] where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Ibid.* Because this court's substantive reasonableness review is "highly deferential" to the sentencing court, "[e]ven a significant variance" will be upheld "if it is commensurate with the individualized, case-specific reasons provided by the district court." *Ibid.* (internal quotation marks and citation omitted).

At Horton's resentencing, the district court explained it was reimposing a 240-month sentence based on the nature and circumstances of the offense, Horton's history and characteristics, and the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes of the defendant. As discussed, the overall tenor of resentencing shows that L.G.'s death was an important ingredient in the sentencing decision.

Horton appears to argue that the court's sentence relied on an improper factor. "[B]y taking the death of L.G. into account," Horton contends, the court "effectively sentenced [Horton] AGAIN [sic] as though he had been convicted under the enhanced penalty provision of [21] U.S.C. § 841(b)(1)(C)." We disagree.

Even when the enhanced penalty does not apply, our precedent permits a district court to weigh under § 3553(a) the fact that a defendant contributed to someone's death. "[N]othing prevents a sentencing court from considering the fact that death resulted from an offense." *United States v. Hudgens*, 4 F.4th 352, 358 (5th Cir. 2021) (citing 18 U.S.C. § 3553(a)(1), (2)). Accordingly, "the court's consideration of [L.G.'s] death in fixing [Horton's] sentence" was not improper. *Id.* at 359.

Contrary to Horton's argument, the sentence did not "effectively" reintroduce the enhanced penalty under § 841(b)(1)(C). That enhancement would have made 240 months the *minimum* sentence. *See* 21 U.S.C. § 841(b)(1)(C) (providing "if death or serious bodily injury results from the use of such substance [the defendant] shall be sentenced to a term of imprisonment of *not less than twenty years or more than life*" (emphasis added)). Here, by contrast, the court relied in part on Horton's role in L.G.'s death to vary upward to the 240-month statutory maximum, something our

precedent allows. *See Hudgens*, 4 F.4th at 361 (in varying upward to 240 months, the court "appropriately consider[ed] [defendant's] behavior under the totality of the circumstances," including his role in the victim's death).

Finally, Horton suggests that "[n]othing in the record establishes" why the 224-month variance "was properly justified." We disagree. The record amply shows that Horton's sale of disguised fentanyl to L.G., at a minimum, directly contributed to L.G.'s fatal overdose. Furthermore, within days of L.G.'s death, undercover agents purchased from Horton an additional 30 pills that, as the Army investigator testified, Horton "represented to be Percocet" but were "actually Fentanyl." *See* 18 U.S.C. § 3553(a)(2) (providing sentence should account for "the need . . . to protect the public from further crimes of the defendant"). Moreover, as the Government argued at resentencing, Horton pled guilty to the state murder charge that was pending at the time of his original sentence. *See id.* § 3553(a)(1) (requiring consideration of, *inter alia*, "the history and characteristics of the defendant").

We recognize that the 224-month variance is large. *Cf. Hudgens*, 4 F.4th at 356, 358–61 (finding no abuse of discretion in imposing 119-month upward variance); *United States v. Redmond*, 965 F.3d 416, 418, 423 (5th Cir. 2020) (upholding 83-month upward variance). Nonetheless, the record of both sentencing hearings reflects the gravity of Horton's repeated dealing of disguised fentanyl. And we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51.

Accordingly, we conclude that the district court did not abuse its discretion in imposing the 240-month sentence.

C

Finally, Horton challenges the district court's failure to provide him an opportunity to allocute at resentencing. He correctly concedes that, because he did not object, plain-error review applies. *See United States v. Figueroa-Coello*, 920 F.3d 260, 264 (5th Cir. 2019) (per curiam).

We assume *arguendo* that not informing Horton of his right to allocute was obvious error that affected his substantial rights. *See* Fed. R. Crim. P. 32(i)(4)(A)(ii); *see also United States v. Palacios*, 844 F.3d 527, 530 (5th Cir. 2016); *Figueroa-Coello*, 920 F.3d at 264–65; *United States v. Moree*, 928 F.2d 654, 655–56 (5th Cir. 1991). Even then, we will correct the error only if Horton shows it "mar[red] the fairness, integrity, or public reputation of our judicial system." *Figueroa-Coello*, 920 F.3d at 265. Horton fails to make this showing.

First, Horton had the opportunity to allocute at his initial sentencing, which took place before the same district judge. *See ibid.* (declining to correct allocution error if defendant "had a prior opportunity to allocute"). Second, Horton fails to articulate any "objective basis that would have moved the trial court to grant a lower sentence." *Ibid.* For instance, he identifies no specific mitigating facts he would have included in his allocution that would have addressed the court's reasons for imposing the sentence. *See id.* at 266; *see also United States v. Chavez-Perez*, 844 F.3d 540, 545–46 (5th Cir. 2016). Finally, Horton's counsel offered "mitigating arguments on [Horton's] behalf," emphasizing the circumstances under which Horton pled guilty to the state murder charge and the problems with definitively proving Horton caused L.G.'s death. *See Palacios*, 844 F.3d at 532 ("We have also considered whether defense counsel offered mitigating arguments on behalf of the defendant," which "may support affirming the sentence." (citing *United States v. Magwood*, 445 F.3d 826, 830 (5th Cir. 2006))).

No. 24-50938

Accordingly, Horton fails to show that his lack of opportunity to allocute on resentencing necessitates vacating his sentence.

IV

Horton's sentence is AFFIRMED.