# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 30, 2026

Lyle W. Cayce
Clerk

No. 25-40428

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE RODRIGUEZ, JR.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:24-CR-1538-1

Before STEWART, ENGELHARDT, and DOUGLAS, *Circuit Judges*.
KURT D. ENGELHARDT, *Circuit Judge*:[*]

Jose Rodriguez, Jr. was found guilty of possessing child pornography. He appeals the district court's imposition of an above-guidelines sentence, arguing that the sentence is procedurally and substantively unreasonable because the district court did not adequately explain its reasoning, relied too heavily on his previous conviction for attempted aggravated sexual assault of a minor, and punished him for maintaining his innocence. We AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-40428

## I.

Rodriguez was charged with possessing child pornography, consisting of images and videos involving a prepubescent minor or a minor who had not attained 12 years of age, after having been previously convicted of attempted aggravated sexual assault of a minor, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2), and 2256. He exercised his right to trial by jury and was found guilty.

At sentencing, neither party objected to the presentence report (PSR), and the district court adopted it. The PSR calculated a guidelines range of 151 to 188 months' imprisonment and a supervised release range of five years to life. The Government requested a sentence at the top end of the guidelines. It highlighted the egregious facts of Rodriguez's prior conviction for attempted sexual assault. There, he attempted to sexually assault a nine-year-old girl after tying up an eight-year-old boy in another room so that he would not witness the assault. The Government noted that Rodriguez first downloaded child pornography nine months after his release from prison for the attempted sexual assault offense, arguing that he has an uncontrollable, strong sexual interest in children. Rodriguez's counsel requested a sentence at the lower end of the guidelines range, arguing that the court should not emphasize Rodriguez's prior conviction for which he already served his sentence, he did not commit a physical act, he had no personal relationship with the victims, and he has a strong family support system. Rodriguez then personally addressed the court:

> Good afternoon, Your Honor. I was hoping the situation wouldn't have got to this, but unfortunately, we're here. With that being said, I still continue to maintain my innocence, and I stand before you and respectfully ask that you take into consideration the inconsistencies, flaws, and misconduct that happened during my trial. Thank you, Your Honor.

No. 25-40428

The district court varied upwards and sentenced Rodriguez to 240 months' imprisonment—the statutory maximum—and a life term of supervised release. The court considered the "nature and circumstances of the offense" and "history and characteristics of the defendant." The court noted the "lack of remorse just demonstrated, the conduct that was described that involved the children ahead of time." The court stated its sentence was necessary to promote respect for the law, protect the public, provide just punishment, and deter future crimes.

Rodriguez timely appealed his sentence.

## II.

We review the district court's sentencing determination in two steps, first examining "whether the district court committed any significant procedural error," then considering "the substantive reasonableness of the sentence." *United States v. Nguyen*, 854 F.3d 276, 280 (5th Cir. 2017) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). Rodriguez challenges both the procedural and substantive reasonableness of his sentence.

## A.

Significant procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. Rodriguez argues that the district court procedurally erred by failing to adequately explain the sentence it imposed. "[T]he Supreme Court has not imposed stringent requirements regarding the length or detail" of the district court's sentencing explanation. *United States v. Fraga*, 704 F.3d 432, 438 (5th Cir. 2013). The district court "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal

decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). The court need not "engage in robotic incantations that each statutory factor has been considered." *Fraga*, 704 F.3d at 439 (internal quotation marks and citation omitted).

Because Rodriguez raises his procedural challenge for the first time on appeal, we review for plain error. *United States v. Olano*, 507 U.S. 725, 731–32 (1993). Plain-error review requires Rodriguez to demonstrate that (1) the district court erred, (2) the error was plain or obvious, (3) the error affected his substantial rights, and (4) "the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks and citation omitted). Showing plain error "is difficult, as it should be." *Id.* (internal quotation marks and citation omitted).

Rodriguez fails to show plain error. The district court considered the parties' arguments, including the Government's argument that the egregious facts of Rodriguez's prior offense and the short time between his release from prison and his downloading child pornography necessitated a longer sentence. The court expressly considered the § 3553(a) factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to promote respect for the law, provide just punishment, and protect the public. *See* 18 U.S.C. § 3553(a); *cf. United States v. Bostic*, 970 F.3d 607, 611–12 (5th Cir. 2020) (holding that the district court's sentencing explanation was inadequate when it did not consider defendant's § 3553(a) arguments nor explain why it overruled defendant's objection to the sentence). The district court

No. 25-40428

sufficiently explained its reasoning, so we reject Rodriguez's procedural reasonableness challenge.[1] *See Rita*, 551 U.S. at 356.

B.

We now determine whether Rodriguez's sentence was substantively reasonable. *Nguyen*, 854 F.3d at 283. "[A] sentence must be reasonable in light of the factors in 18 U.S.C. § 3553(a)." *United States v. Navarro-Jusino*, 993 F.3d 360, 362 (5th Cir. 2021). An above-guidelines sentence is unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015). Rodriguez argues that the district court erred in two respects: (1) improperly balancing the sentencing factors by giving excessive weight to his prior sexual assault offense and (2) giving significant weight to an improper factor—his refusal to repent for possessing child pornography.

A defendant preserves a general claim of substantive unreasonableness by requesting a shorter sentence because doing so "communicates to the trial judge his view that a longer sentence is 'greater than necessary.'" *Holguin-Hernandez v. United States*, 589 U.S. 169, 174–75 (2020). Rodriguez requested a sentence at the lower end of the guidelines range and therefore preserved a claim that his 240-month sentence is greater

---

[1] Rodriguez also argues that the district court erred in failing to articulate an independent reason for imposing a life term of supervised release. But the life term of supervised release was within guidelines, which requires "little explanation," *United States v. Gaspar-Felipe*, 4 F.4th 330, 344 (5th Cir. 2021) (internal quotation marks and citation omitted), because the circumstances "may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence," *Rita*, 551 U.S. at 356–57. Rodriguez has not shown that the district court plainly erred in imposing a life term of supervised release.

than necessary.  But arguing for a shorter sentence does not "insulate *all* arguments regarding the length of a sentence from plain-error review."  *Id.* at 176 (ALITO, J., concurring).  To preserve a specific argument, the defendant must "inform[] the court of the legal error at issue."  *Id.* at 174–75 (majority opinion).  If the defendant fails to do so, we review for plain error. *United States v. Zarco-Beiza*, 24 F.4th 477, 481–82 (5th Cir. 2022).  Here, Rodriguez preserved his argument that the district court improperly weighed his sexual assault conviction by asking the court not to emphasize it.  We therefore review his weighing issue for an abuse of discretion.  *Gall*, 552 U.S. at 51.  But Rodriguez did not object to the district court's consideration of his refusal to repent for possessing child pornography, so we review that issue for plain error.  *See Zarco-Beiza*, 24 F.4th at 481–82.

First, Rodriguez argues that the district court erred by giving too much weight to his prior conviction for attempted aggravated sexual assault of a minor.  We disagree.  "[A]lthough courts must *consider* all the § 3553(a) factors, it is not possible, let alone required" that they equally weigh the factors.  *United States v. Hernandez*, 633 F.3d 370, 375 (5th Cir. 2011) (footnote omitted).  Here, the court properly considered Rodriguez's prior conviction. 18 U.S.C. § 3553(a)(1) (requiring courts to consider the "history and characteristics of the defendant").  The district court is in the superior position to find facts and apply them to the § 3553(a) factors, especially where the district court here heard the egregious facts underlying Rodriguez's prior conviction at sentencing.  *See Hernandez*, 633 F.3d at 375.  We refuse to substitute our judgment for that of the district court's and reweigh the sentencing factors.

Second, Rodriguez argues that the district court erred by punishing him for maintaining his innocence.  At sentencing, the Government requested a higher sentence because Rodriguez's prior conviction for attempted aggravated sexual assault of a minor involved egregious conduct

and, within nine months of his release from 13 years' imprisonment, he downloaded child pornography. On 20 days across four months, Rodriguez downloaded 150 images and 7 videos of child pornography. Rodriguez's counsel requested that the court not emphasize his prior conviction. Rodriguez then addressed the court. He maintained his innocence and asked the court to "take into consideration the inconsistencies, flaws, and misconduct that happened during my trial." The district court then announced that it would impose an above-guidelines sentence and noted the "lack of remorse just demonstrated."

Rodriguez relies on *United States v. Laca*, 499 F.2d 922, 927–28 (5th Cir. 1974), for the proposition that the Fifth Amendment prohibits courts from determining the length of a defendant's sentence based on his refusal to confess. In *Laca*, the district court's sentencing colloquy emphasized "that the defendants had not shown 'any inclination toward repentance.'" 499 F.2d at 927. The court then added an ultimatum—it would not reconsider the defendants' sentences unless their "attitude change[d]" and they chose to repent. *Id.* This made it "clear that the court took into account in sentencing that the[] defendants had pleaded not guilty, were convicted, and still refused to confess or repent of their crimes." *Id.* And we held that "by opining that the[] defendants had not shown an inclination towards repentance, the court erred by predicating the length of the[] sentences on whether the defendants had confessed their crimes." *Id.* Here, by contrast, the district court referenced Rodriguez's lack of remorse in a single line of its sentencing colloquy and without a comparable ultimatum.

*Laca* did not, however, address whether the Fifth Amendment bars any consideration of a defendant's lack of remorse in the § 3553(a) analysis when the defendant has maintained innocence as Rodriguez argues. A panel of this court recently considered a similar situation and declined to "conclusively decide whether *Laca* bars a district court from relying on a

defendant's lack of remorse as part of its § 3553(a) analysis if the defendant has consistently maintained his innocence." *United States v. Rodriguez*, 136 F.4th 258, 270–71 (5th Cir.), *cert. denied*, 145 S. Ct. 2861 (2025). Rodriguez therefore cannot invoke *Laca* to establish plain error. *See United States v. Fields*, 777 F.3d 799, 805 (5th Cir. 2015) ("[I]f the law is unsettled within the circuit, any error cannot be plain.").

Rodriguez further fails to show plain error because it is unclear from the record whether the district court was acknowledging his lack of remorse for his child pornography conviction (which may not be permissible) or his prior attempted aggravated sexual assault of a minor conviction (which is permissible). The focus of the sentencing hearing was the weight the district court should give Rodriguez's sexual assault conviction. It is not clear that the district court directed its "lack of remorse" comment to Rodriguez's maintaining his innocence for possessing child pornography. The first time the district court responded to any of the parties' arguments was when it noted Rodriguez's lack of remorse. The record is, at minimum, ambiguous as to which offense the district court had in mind. The court's reference to the "lack of remorse just demonstrated" immediately followed Rodriguez's allocution, but the court's trailing reference to "the conduct that was described that involved the children ahead of time" could refer either to the prior sexual assault conduct or to the current child pornography offense. On plain-error review, this ambiguity cuts against Rodriguez, who must show that the district court relied on an improper factor "expressly or by unmistakable implication." *See Esteras v. United States*, 606 U.S. 185, 202–03 (2025) (citing *Olano*, 507 U.S. at 734).

And even if the district court plainly erred, Rodriguez still cannot show that the error affected his substantial rights. Although the imposition of the statutory maximum is a factor *Laca*, 499 F.2d at 928, and *Rodriguez*, 136 F.4th at 272, treat as relevant, the district court here also had before it

the Government's extensive, undisputed argument regarding Rodriguez's prior conviction and the timing of the offense conduct, which occurred within nine months of his release from a 13-year sentence. On this record, Rodriguez cannot establish a reasonable probability that his sentence would have been lower absent the lack-of-remorse comment. *See United States v. Escalante-Reyes*, 689 F.3d 415, 424 (5th Cir. 2012) (to satisfy the substantial rights prong, defendant must show that "the error increased the term of a sentence, such that there is a reasonable probability of a lower sentence on remand" (internal quotation marks and citation omitted)); *id.* at 424–25 (error affected defendant's substantial rights when the district court repeatedly emphasized an improper sentencing factor and that factor was "so central" to the sentence (internal quotation marks and citation omitted)).

\*     \*     \*

We will not substitute our judgment for the district court's when it adequately explained its reasons for imposing an above-guidelines sentence and properly weighed the sentencing factors. Because Rodriguez fails to clearly show that the district court punished him for maintaining his innocence, his sentence is AFFIRMED.